Filed 9/4/20  In re J.O. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE J.O., a Person Coming Under the Juvenile Court Law. | H047070 (Monterey County Super. Ct. No. 19JV000510) |
| THE PEOPLE, Plaintiff and Respondent, v. J.O., Defendant and Appellant. | |

## I.  INTRODUCTION

The minor, J.O., appeals from a dispositional order placing him on probation with various terms and conditions, following a finding by the juvenile court that he committed second degree robbery.  On appeal, the minor contends that one of the probation conditions (condition No. 32), which provides that his electronic devices are subject to search, is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and unconstitutionally overbroad.  The minor also argues that to the extent these claims are forfeited due to the failure to object below, his trial counsel rendered ineffective assistance.  Lastly, the minor contends that a $100 restitution fine imposed by the court is

unauthorized where, as here, the minor appeared to come within the juvenile court's dependency and delinquency jurisdiction.

For reasons that we will explain, we will reverse the judgment and remand the matter to the juvenile court with instructions to strike the electronic devices search condition, to consider whether to impose a more tailored condition consistent with the principles articulated in *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*), and to strike the $100 restitution fine.

## II.  BACKGROUND

In May 2019, a first amended petition was filed under Welfare and Institutions Code section 602[1] alleging that the minor, then age 17, committed battery for the benefit of a criminal street gang (Pen. Code, §§ 242, 186.22, subd. (d); count 1) and second degree robbery (*id.*, § 211; count 2).

A contested jurisdictional hearing was held in June 2019.  The prosecutor did not proceed on the battery count because the victim could not be located.  The battery count was ultimately dismissed.  Regarding the robbery count, the evidence reflected that the minor and several other juveniles approached the victim, who was selling ice cream at a park.  The minor grabbed, or put his arm around, the victim's neck.  One or more of the other juveniles searched through the victim's pockets and lunch bag and took his money. The minor and the other juveniles then ran away.  At the conclusion of the hearing, the juvenile court found true the allegation that the minor had committed second degree robbery.

Prior to the disposition hearing, the minor's counsel filed a memorandum indicating that the minor was the subject of a dependency proceeding.  The minor's counsel requested that the minor remain a dependent child in order to receive services and be assigned "a CASA, a positive male mentor."

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

A clinical psychologist's evaluation of the minor was attached to the memorandum filed by the minor's counsel. According to the evaluation, the minor admitted using alcohol, cannabis, and Xanax. He acknowledged that at the time of the robbery, he was "coming down from Xanax but actively high on weed." The minor also admitted that he had brought a BB gun and marijuana to school. He further acknowledged taking methamphetamine from his mother and her boyfriend so that he could sell it and "have a little extra money."

The probation officer filed a report stating that the minor was declared a dependent child in March 2019. The probation officer indicated that an interagency placement committee believed the minor would be better served through section 602 proceedings. According to the probation officer's report, the minor admitted to smoking marijuana daily and that he had last smoked marijuana prior to the robbery. He also admitted to using Xanax whenever he had money, and that he had last used Xanax, as well as consumed alcohol, the day prior to his arrest. Images posted on the Instagram account of the minor's sister, and shared on the Facebook page of the minor's former legal guardian (who was also the girlfriend of the minor's brother), showed the minor holding a firearm. The minor's own two Facebook pages contained images of guns, drugs, and money. Copies of the minor's and the former legal guardian's Facebook pages were attached to the probation officer's report. The probation officer recommended that the minor's dependency case be dismissed, that he be declared a ward of the court, and that he be placed under the supervision of the probation officer with various terms and conditions. The probation officer recommended 45 terms and conditions of probation, including that the minor be placed in a youth center program for 365 days; comply with gang conditions[2]; not consume or possess any intoxicants,

---

[2] On appeal, the minor does not challenge the imposition of gang conditions. Although the minor denied any gang affiliation, the probation officer reported that the (continued)

3

alcohol, narcotics, or other controlled substances; not possess any firearm; and, relevant here, pay a $100 restitution fine pursuant to section 730.6 and abide by an electronic devices search condition.

A disposition hearing was held on July 2, 2019.  At the hearing, the minor's counsel reiterated his request that the minor remain a dependent child, rather than being declared a ward of the court.  The minor's counsel did not expressly object to any other recommended terms and conditions of probation, including the electronic devices search condition.  The prosecutor argued, and the probation officer recommended, that the minor be declared a ward under section 602.

The juvenile court agreed with the recommendation of the interagency placement committee and adopted the probation officer's recommended disposition.  The court dismissed dependency jurisdiction, declared the minor a ward of the court, and placed him on probation with various terms and conditions, including that he serve 365 days in a youth center program, pay a $100 restitution fine pursuant to section 730.6, and abide by the electronic devices search condition.

The electronic devices search condition (condition No. 32) states:  "Submit all electronic devices under your control to a search by the probation officer or a peace officer, of any text messages, voicemail messages, call logs, photographs, e-mail accounts, internet sites and social media accounts, with or without reasonable or probable cause or the benefit of a search warrant, at any time of the day or night and provide the probation or peace officer with any passwords necessary to access the information specified, and you will not change or add any email addresses or passwords without prior permission of your Probation Officer.  The minor shall not knowingly clean or delete his/her Internet browsing history without prior permission from your Probation Officer."

_____

minor's juvenile hall booking sheet reflected that he associated with Sureños.  The probation officer also reported that, according to a police report, the minor approached a 14-year-old and asked him if he associated with Norteños before punching him.

4

### III. DISCUSSION

#### A. *Electronic Devices Search Condition*

The minor contends that the electronic devices search condition is unreasonable under *Lent*, *supra*, 15 Cal.3d 481, and unconstitutionally overbroad. He also argues that his trial counsel rendered ineffective assistance by failing to object to the condition. We first consider the minor's *Lent* challenge in the context of his claim of ineffective assistance of counsel.

#### 1. *Lent* **Challenge**

The minor contends that the electronic devices search condition is unreasonable under *Lent* because the robbery did not involve an electronic device, and therefore the condition should be stricken in its entirety. The minor also argues that his trial counsel rendered ineffective assistance by failing to object to the condition.

The Attorney General contends that the minor forfeited his claim by not objecting below, and that he cannot establish ineffective assistance of counsel because there may have been a tactical reason for not objecting. To the extent the minor's claim on appeal has been preserved, the Attorney General concedes that the electronic devices search condition is unreasonable. The Attorney General argues, however, that the condition may properly be modified, rather than striking it altogether as urged by the minor.

#### a. *Forfeiture*

The failure to challenge the reasonableness of a probation condition under *Lent* in the trial court forfeits the claim on appeal. (*People v. Welch* (1993) 5 Cal.4th 228, 230, 237.) Because the minor forfeited his claim by failing to object to the electronic devices search condition below, we turn to whether the minor has established ineffective assistance of counsel based on his trial counsel's failure to object.

#### b. *Ineffective assistance of counsel*

" 'In order to establish a claim of ineffective assistance of counsel, defendant bears the burden of demonstrating, first, that counsel's performance was deficient because it

5

"fell below an objective standard of reasonableness [¶] . . . under prevailing professional norms." [Citations.] Unless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." [Citation.] If the record "sheds no light on why counsel acted or failed to act in the manner challenged," an appellate claim of ineffective assistance of counsel must be rejected "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." [Citations.] If a defendant meets the burden of establishing that counsel's performance was deficient, he or she also must show that counsel's deficiencies resulted in prejudice, that is, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [Citation.]' [Citation.]" (*People v. Lopez* (2008) 42 Cal.4th 960, 966 (*Lopez*).)

As to the first prong regarding whether a " ' "satisfactory explanation" ' " exists for trial counsel's failure to object (*Lopez, supra*, 42 Cal.4th at p. 966), the Attorney General contends that trial "counsel could have reasonably decided to focus his disposition argument on maintaining [the minor's] status as a section 300 dependent . . . and the appointment of a Court Appointed Special Advocate . . . , points counsel emphasized in his sentencing memorandum . . . . He may have concluded that the court would look more favorably upon those requests if he did not raise any objection to the electronic search condition . . . ."

We are not persuaded by the Attorney General's argument. At the disposition hearing, the juvenile court first heard argument from the parties regarding whether the minor should remain a dependent child under section 300, or be declared a ward under section 602. After hearing argument from the parties on that issue, the court explained that it was "going to be declaring [the minor] a ward pursuant to Welfare and Institutions [C]ode section 602." The court subsequently asked the parties whether they "ha[d] . . .

6

anything further with regard to the recommendation itself."  The minor's trial counsel responded, "No, your Honor.  Submit it."  By this point, the juvenile court had already indicated its intent to declare the minor a ward of the court.  There does not appear to be a satisfactory explanation for why the minor's trial counsel did not thereafter raise an objection to the electronic devices search condition.  Further, as the minor observes, at the time of the disposition hearing, the reasonableness of an electronic devices search condition, when the condition has no relationship to the crimes committed, was an issue pending before the California Supreme Court.  Under these circumstances, and based on the record in this case, there does not appear to be a satisfactory explanation for why the minor's trial counsel did not raise an objection to the electronic devices search condition.

As to whether trial counsel's failure to object to the condition resulted in prejudice to the minor (*Lopez*, *supra*, 42 Cal.4th at p. 966), both the minor and the Attorney General analyze the reasonableness/unreasonableness of the probation condition in light of the California Supreme Court's opinion in *Ricardo P.*, *supra*, 7 Cal.5th 1113.  *Ricardo P.*, however, was filed after the disposition hearing in this case.  Neither party addresses the issue of an ineffective assistance of counsel claim where the claimed prejudice is based on caselaw filed after trial counsel's purportedly deficient conduct.  Nevertheless, given that *Ricardo P.* was pending in the California Supreme Court at the time of the minor's disposition hearing, and given that the Attorney General concedes that the electronic devices search condition in this case is unreasonable and requires modification pursuant to *Ricardo P.*, we exercise our discretion to consider the validity of the condition.  (See *People v. Smith* (2003) 31 Cal.4th 1207, 1215 ["an appellate court is generally not prohibited from reaching questions that have not been preserved for review by a party"].)

### c.  *Reasonableness of the electronic devices search condition*

In ordering a ward under its jurisdiction to probation, the juvenile court " 'may impose and require any and all reasonable conditions that it may determine fitting and

7

proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' . . . 'A condition of probation which is impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court.' [Citation.]" (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.)

Under the *Lent* test, " '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." ' [Citations.] The *Lent* test 'is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term.' [Citation.]" (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.)

In this case, the parties agree that the first two prongs of the *Lent* test are satisfied. Under these two prongs, the electronic devices search condition has no relationship to the robbery, and the condition relates to conduct which is not in itself criminal. We therefore turn to the third prong of *Lent* regarding whether the condition " ' "requires or forbids conduct which is not reasonably related to future criminality." ' " (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.)

In *Ricardo P.,* which was filed after the disposition hearing in this case, the California Supreme Court addressed whether an electronics search condition requiring the minor to submit electronics (including passwords) to search by a probation officer met the third prong of the *Lent* test. (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1116-1117, 1119.) The minor in *Ricardo P.* admitted two counts of felony burglary. (*Id.* at p. 1115.) There was no indication that an electronic device was used in connection with the burglaries. However, the probation report indicated that the minor was using drugs at the time he committed the offense, and the juvenile court further believed that "teenagers 'typically' brag about . . . drug use on social media." (*Id.* at p. 1119.) The juvenile court imposed probation conditions prohibiting the minor from using or possessing illegal

8

drugs, as well as an electronics search condition "to enable probation officers to monitor whether [the minor was] communicating about drugs or with people associated with drugs." (*Ibid.*)

The California Supreme Court concluded that, even assuming the minor was using drugs at the time he committed the burglaries and that teenagers tend to brag about drug use online, the electronics search condition satisfied *Lent*'s third prong. (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1119-1120.) The condition was invalid under that prong because "the burden it impose[d] on [the minor's] privacy [was] substantially disproportionate to the condition's goal of monitoring and deterring drug use." (*Id.* at p. 1120.)

First, the California Supreme Court explained that there must be a "closer relationship" between the probation condition and deterring future criminality. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1120.) This relationship must be "more than just an abstract or hypothetical relationship." (*Id.* at p. 1121.) " 'Not every probation condition bearing a remote, attenuated, tangential, or diaphanous connection to future criminal conduct can be considered reasonable' under *Lent*. [Citation.]" (*Id.* at p. 1127.) The court explained that the record before it, "which contain[ed] no indication that [the minor] had used or will use electronic devices in connection with drugs or any illegal activity, [was] insufficient to justify the substantial burdens imposed by [the] electronics search condition." (*Id.* at p. 1116.) The court explained that "requiring a probationer to surrender electronic devices and passwords to search at any time is . . . burdensome and intrusive, and requires a correspondingly substantial and particularized justification." (*Id.* at p. 1126.)

The California Supreme Court clarified that the third prong under *Lent* does *not* require a "nexus" between the probation condition and the underlying offense or prior offenses. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.) The court explained that " 'conditions of probation aimed at rehabilitating the offender need not be so strictly tied to the offender's precise crime' [citation] so long as they are 'reasonably directed at

9

curbing [the defendant's] future criminality' [citation]. For example, courts may properly base probation conditions upon information in a probation report that raises concerns about future criminality unrelated to a prior offense. [Citation.]" (*Ibid.*)

Second, the California Supreme Court explained that "*Lent*'s requirement that a probation condition must be ' "reasonably related to future criminality" ' contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition. [Citations.]" (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.) "A probation condition that imposes substantially greater burdens on the probationer than the circumstances warrant is not a 'reasonable' one." (*Id.* at p. 1128.) Regarding this proportionality requirement, the court explained that a "probationer's offense or personal history may provide the . . . court with a sufficient factual basis from which it can determine that an electronics search condition is a proportional means of deterring the probationer from future criminality. [Citations.]" (*Id.* at pp. 1128-1129.)

The California Supreme Court found that such proportionality was lacking in the case before it. The court explained: "[N]othing in the record suggests that [the minor] has ever used an electronic device or social media in connection with criminal conduct. The juvenile court instead relied primarily on indications that [the minor] had previously used marijuana and its generalization that 'minors typically will brag about their marijuana usage or drug usage, particularly their marijuana usage, by posting on the Internet, showing pictures of themselves with paraphernalia, or smoking marijuana.' Based solely on these observations, the juvenile court imposed a sweeping probation condition requiring [the minor] to submit all of his electronic devices and passwords to search at any time. Such a condition significantly burdens privacy interests. [Citations.]" (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1122-1123.) In this regard, the court noted that the the electronics search condition was "expansive in its scope: It allows probation officers to remotely access [the minor's] e-mail, text and voicemail messages, photos, and online accounts, including social media like Facebook and Twitter, at any time. It would

10

potentially even allow officers to monitor [the minor's] text, phone, or video communications in real time. Further, the condition lacks any temporal limitations, permitting officers to access digital information that long predated the imposition of [the minor's] probation." (*Id.* at p. 1127.)

The California Supreme Court expressed concern that if it "were to find this record sufficient to sustain the probation condition at issue, it is difficult to conceive of any case in which a comparable condition could not be imposed . . . . Indeed, whatever crime a juvenile might have committed, it could be said that juveniles may use electronic devices and social media to mention or brag about their illicit activities." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1123.) The court further explained that "[t]he plain language of this electronics search condition would require [the minor] to provide probation officers full access, day or night, not only to his social media accounts but also to the contents of his e-mails, text messages, and search histories, all photographs and videos stored on his devices, as well as any other data accessible using electronic devices, which could include anything from banking information to private health or financial information to dating profiles. [Citation.] If the juvenile court's observation that 'minors typically will brag about their marijuana usage or drug usage' online were sufficient to justify the substantial burdens the condition imposes, it is hard to see what would be left of *Lent*'s third prong." (*Id.* at pp. 1123-1124.)

The California Supreme Court stated that it was "not decid[ing] whether there is sufficient basis in the present record to support the Court of Appeal's suggestion that the juvenile court, on remand, may restrict the condition to search of 'electronic information that is reasonably likely to reveal whether [the minor] is boasting about his drug use or activity, such as text and voicemail messages, photographs, e-mails, and social-media accounts.' Nor [did the California Supreme Court] address how the parameters of such a condition might be delineated." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1124.) The California Supreme Court simply affirmed the Court of Appeal's judgment striking the electronics

11

search condition and directed that the matter be remanded to the juvenile court for further proceedings. (*Id.* at p. 1129.)

Subsequent to *Ricardo P.*, the appellate court in *In re Alonzo M.* (2019) 40 Cal.App.5th 156 (*Alonzo M.*), summarized "the following guidelines [from *Ricardo P.*] for determining when an electronic search condition survives the third prong of *Lent* in a juvenile delinquency case. First, there must be information in the record establishing a connection between the search condition and the probationer's criminal conduct or personal history—an actual connection apparent in the evidence, not one that is just abstract or hypothetical. [Citation.]" (*Alonzo M.*, *supra*, at p. 166.) Second, " 'the burden imposed by [the] probation condition' must be proportionate to 'the legitimate interests served by the condition.' [Citation.] Thus, ' "[a] condition of probation that enables a probation officer to supervise his or her charges effectively is . . . 'reasonably related to future criminality,' " ' only if its infringement on the probationer's liberty is not 'substantially disproportionate to the ends of reformation and rehabilitation.' [Citation.]" (*Ibid.*, italics omitted.)

In *Alonzo M.*, *supra*, 40 Cal.App.5th 156, the purpose of the minor's electronics search condition "was to address [his] susceptibility to negative social influences, including but not limited to the two coresponsibles for whom a stay-away order was imposed." (*Id.* at p. 167.) On appeal, the appellate court determined that "the juvenile court properly concluded that an electronic search term in some form could be imposed as a condition of [the minor's] probation." (*Id.* at p. 168.) The appellate court explained that "[i]n contrast to the nebulous concern about marijuana use in *Ricardo P.*, in the present case the juvenile court made a reasoned, evidence-based finding that [the minor's] successful rehabilitation depends on avoiding negative social influences." (*Id.* at p. 166.) The appellate court determined, however, that the language of the electronic search condition was "too broad." (*Id.* at p. 167.) The appellate court explained that, based on *Ricardo P.*, "the juvenile court may impose an electronic search condition that

12

is more narrowly tailored to allowing search of any medium of communication reasonably likely to reveal whether [the minor] is associating with prohibited persons." (*Alonzo M.*, *supra*, at p. 168.) The appellate court struck the electronic search condition and remanded the matter to the juvenile court to "more narrowly tailor[]" the electronic search condition, so that the burden on the minor's privacy would be "substantially proportionate to the probation department's legitimate interest in preventing him from communicating with his coresponsibles or other identified peers who might draw him in to criminal conduct." (*Ibid.*, fn. omitted; see *In re Amber K.* (2020) 45 Cal.App.5th 559, 567 [electronic search condition stricken and matter remanded for juvenile court to consider whether to impose a more narrowly worded condition].)

Based on *Ricardo P.*, and consistent with *Alonzo M.*, we determine that an electronic devices search condition is permissible in this case under the third prong of the *Lent* test, which requires the condition to be " ' "reasonably related to future criminality." ' " (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.) The record in this case reflects that the minor had used drugs including just prior to the robbery, had previously sold drugs for money, and had possessed a firearm. Regarding the close relationship between this illegal activity and an electronic device, the minor had images on his Facebook pages that showed a gun, a gun on top of money, and drugs on top of money. He was also pictured holding a firearm on the social media accounts of his sister and his former legal guardian. On this record, there is "more than just an abstract or hypothetical relationship" between the electronic devices search condition and deterring future criminality by the minor. (*Id.* at p. 1121.) Rather, the record "indicat[es] that [the minor] had used or will use electronic devices in connection with drugs" and guns. (*Id.* at p. 1116.)

However, the electronic devices search condition is expansive in its scope as it requires the minor to submit all of his electronic devices and passwords to search at any time. "The plain language of this electronics search condition would require [the minor]

13

to provide probation officers full access, day or night, not only to his social media accounts but also to the contents of his e-mails, text messages, and search histories, all photographs . . . stored on his devices, as well as any other data accessible using electronic devices, which could include anything from banking information to private health or financial information to dating profiles." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1123.) "Further, the condition lacks any temporal limitations, permitting officers to access digital information that long predated the imposition of [the minor's] probation." (*Id.* at p. 1127.)

In view of the probation condition's significant burden on privacy interests (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1123), and the fact that *Ricardo P.* was decided after the disposition hearing in this case, we will strike the condition and remand the matter to the juvenile court to delineate, upon further argument from the parties as necessary, the proper scope of the condition. (See *id.* at pp. 1124 [raising as an issue, but not deciding, whether electronics search condition may properly be delineated to " 'electronic information that is reasonably likely to reveal whether [the minor] is boasting about his drug use or activity, such as text and voicemail messages, photographs, e-mails, and social-media accounts' "], 1127 [finding that an electronic search condition lacked "temporal limitations" and thus improperly allowed the probation officer "to access digital information that long predated the imposition of . . . probation"]; *Alonzo M.*, *supra*, 40 Cal.App.5th at p. 168 [remanding for the juvenile court to impose a more narrowly tailored electronic search condition].) The burden on the minor's privacy from any new electronics devices search condition must be substantially proportionate to the condition's apparent goal of monitoring and deterring the minor's possession or use of drugs and weapons. (See *Ricardo*, *supra*, at p. 1120.)

To the extent that the minor suggests that the electronic devices search condition should be stricken in its entirety without an opportunity for the juvenile court to reconsider the scope of the condition on remand, we are unpersuaded by the minor's

argument. In the cases cited by the minor, there was no connection between the use of electronic devices and past or potential future criminal activity. (See *In re Erica R.* (2015) 240 Cal.App.4th 907, 913 [finding "nothing in this record regarding either the current offense or [the minor's] social history that connects her use of electronic devices or social media to illegal drugs"]; *In re J.B.* (2015) 242 Cal.App.4th 749, 756 ["there is no showing of any connection between the minor's use of electronic devices and his past or potential future criminal activity"]; *People v. Bryant* (2019) 42 Cal.App.5th 839, 846 [similar to "*Ricardo P.*, there is 'nothing in the record [that] suggests that [defendant] has ever used an electronic device or social media in connection with criminal conduct' "], review granted Feb. 19, 2020, S259956; *In re David C.* (2020) 47 Cal.App.5th 657, 664 [similar to "*Ricardo P.*, here minor did not use electronic devices in connection with his offenses, and nothing in the record indicates he 'has ever used electronic devices to commit, plan, discuss, or even consider . . . any . . . criminal activity' "].) In contrast, in this case as we have explained, the minor had images on his Facebook pages that showed a gun, a gun on top of money, and drugs on top of money. He was also pictured holding a firearm on other people's social media accounts. Unlike the cases cited by the minor, the record here "indicat[es] that [the minor] had used or will use electronic devices in connection with drugs" and guns. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1116.) We determine that a remand for the juvenile court to determine the proper scope of the condition in light of *Ricardo P.*, which was filed after the disposition hearing in the minor's case, is therefore appropriate.

## 2. Constitutional Overbreadth Challenge

The minor also contends that the electronic devices search condition impinges on his privacy rights and is unconstitutionally overbroad. The minor argues that if his claim is considered to be an as-applied constitutional challenge, then his trial counsel rendered ineffective assistance by failing to object to the condition on this ground below.

15

In view of our conclusion that the condition must be stricken under *Lent* and *Ricardo P.*, and that the matter must be remanded to the juvenile court to delineate the proper scope of the condition, we do not reach the minor's claim that the condition is unconstitutionally overbroad. (See *Alonzo M.*, *supra*, 40 Cal.App.5th at p. 168 & fn. 2.)

**B. *Restitution Fine***

The minor contends that the $100 restitution fine imposed by the juvenile court pursuant to section 730.6 was unauthorized where, as here, the minor appeared to come within the juvenile court's dependency and delinquency jurisdiction. The Attorney General concedes that the fine should be stricken. We find the Attorney General's concession appropriate.

Section 730.6 generally requires the juvenile court to order a minor to pay a restitution fine upon the minor being adjudged a ward of the court. (§ 730.6, subd. (a)(2)(A); see § 602.) Section 730.6 requires that the court "waive imposition of the restitution fine" under specified circumstances, including, as relevant here, "[i]f the minor is a person described in subdivision (a) of Section 241.1." (*Id.*, subd. (g)(2).)

Section 241.1, subdivision (a) states: "Whenever a minor appears to come within the description of both Section 300 and Section 601 or 602, the county probation department and the child welfare services department shall, pursuant to a jointly developed written protocol described in subdivision (b), initially determine which status will serve the best interests of the minor and the protection of society. The recommendations of both departments shall be presented to the juvenile court with the petition that is filed on behalf of the minor, and the court shall determine which status is appropriate for the minor. . . ."

" 'A child who has been abused or neglected falls within the juvenile court's protective jurisdiction under section 300 as a 'dependent' child of the court. In contrast, a juvenile court may take jurisdiction over a minor as a 'ward' of the court under section 602 when the child engages in criminal behavior. [Citations.] As a general rule,

16

a child who qualifies as both a dependent and a ward of the juvenile court cannot be both. [Citations.]  Instead, section 241.1 sets forth the procedure that the juvenile court must follow when faced with a case in which it may have dual bases for jurisdiction over a minor.'  [Citation.]"  (*In re Aaron J.* (2018) 22 Cal.App.5th 1038, 1044-1045 (*Aaron J.*).)

In this case, the record reflects that a section 241.1 protocol was instituted because the "minor appear[ed] to come within the description of both Section 300 and Section 601 or 602."  (§ 241.1, subd. (a).)  At the disposition hearing, the juvenile court observed that, "pursuant to the [section] 241.1 protocol, the team has determined that he is best served through the probation department and being a [section] 602 ward."  The court agreed with the recommendation of the interagency placement committee and adopted the probation officer's recommended disposition to dismiss dependency jurisdiction and declare the minor a ward of the court.  Nevertheless, where, as here, the "minor appear[ed] to come within the description of both Section 300 and Section 601 or 602" (§ 241.1, subd. (a)), the restitution fine under section 730.6 may not be imposed (§ 730.6, subd. (g)(2)), even if the juvenile court ultimately declares the minor a ward of the court.  (See *Aaron J.*, *supra*, 22 Cal.App.5th at pp. 1044, 1060.)  Accordingly, we will order the $100 restitution fine stricken.

## IV.  DISPOSITION

The dispositional order of July 2, 2019 is reversed.  The matter is remanded to the juvenile court with directions to strike the electronic devices search condition (condition No. 32), to consider whether to impose a more tailored electronic devices search condition consistent with the principles articulated in *In re Ricardo P.* (2019) 7 Cal.5th 1113, and to strike the $100 restitution fine.

17

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

PREMO, ACTING P.J.

_____

ELIA, J.

*People v. J.O.*
**H047070**