Filed 9/1/23  In re S.U. CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| In re S.U., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>S.U.,<br><br>    Defendant and Appellant. | F085312<br><br>(Super. Ct. No. 20JL-00050-B)<br><br>**OPINION** |

**THE COURT**<sup>*</sup>

APPEAL from an order of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Thomas R. O'Brien, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

---

<sup>*</sup>    Before Franson, Acting P. J., Peña, J. and Smith, J.

-ooOoo-

Minor, S.U., contends on appeal that the matter must be remanded with direction to the juvenile court to strike the electronic devices search probation condition and the gang probation condition because the record does not disclose on its face a lawful basis for the conditions. In minor's supplemental brief, she also contends that the matter must be remanded because the juvenile court failed to exercise its discretion and expressly declare on the record whether her offense was a misdemeanor or a felony. The People agree the matter must be remanded for an on-the-record determination as to whether minor's offense was a felony or a misdemeanor, and assert that, upon remand, the court may articulate a basis for the electronic devices search and gang probation conditions.

We strike the electronic devices search and gang probation conditions. We remand for the juvenile court to determine on the record whether minor's offense was a misdemeanor or a felony and to consider whether to impose revised electronic devices search and gang probation conditions consistent with this opinion. In all other respects, the disposition order is affirmed.

## PROCEDURAL SUMMARY

On November 23, 2021, the Merced County District Attorney filed a subsequent juvenile wardship petition, pursuant to Welfare & Institutions Code section 602, alleging that minor had committed a felony assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1);[1] count 1). The petition further alleged that minor had previously been made a ward of the court and placed on probation and that she violated the terms and conditions of that grant of probation by committing the above offense.[2]

On December 19, 2021, minor denied the allegations.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] The court took judicial notice of the wardship orders in minor's previous petitions, referred to in the record as "petition A" and "petition B."

On October 13, 2022, a jurisdictional hearing was held. The juvenile court found true beyond a reasonable doubt the allegations that minor committed a violation of section 245, subdivision (a)(1) (count 1) and violated the terms and conditions of her probation. The court did not state whether the offense was a misdemeanor or a felony. The matter was continued for a disposition hearing on November 3, 2022.

On October 31, 2022, the probation officer filed a report and recommendations for the disposition hearing. The report made recommendations regarding the terms and conditions to be imposed on minor, including the electronic devices search probation condition and the gang probation condition.

Minor submitted on the probation officer's report and recommendations, but specifically objected to the imposition of the electronic devices search and gang probation conditions.

The juvenile court adopted the recommendations of the probation officer's report, including the electronic devices search and gang probation conditions.

On November 16, 2022, minor filed a notice of appeal.

### FACTUAL SUMMARY

Minor engaged in a planned fight between herself and several other minors at a park. During the fight, she attempted to stab one of the other minors, M.M., with a knife when M.M.'s head was down. Someone recorded a video of the incident and uploaded it to a social media site. M.M. and her mother reported the incident to police after viewing the video and realizing that minor had attempted to stab her.

During minor's contested jurisdictional hearing, Merced Police Department Officer Manuel Mendoza testified that he was dispatched to meet with M.M. and her mother and spoke with the person who had provided the video recording of the fight. The parties stipulated to the foundation of the video and the video was entered as an exhibit (Exh. 1) and viewed by the court. Mendoza testified that minor was the person holding the knife in the video.

3.

**DISCUSSION**

**I.      On-the-Record Determination Whether Offense Is a Felony or a Misdemeanor**

Minor contends in her supplemental brief that the juvenile court improperly failed to exercise its discretion by failing to make an express declaration as to whether the assault with a deadly weapon offense (§ 245, subd. (a)(1)) found true by the court is a felony or a misdemeanor.[3]  The People agree, as do we.

When a minor is found to have committed a wobbler, the juvenile court "shall declare the offense to be a misdemeanor or felony." (Welf. & Inst. Code, § 702; see *In re Manzy W.* (1997) 14 Cal.4th 1199, 1204, 1207 [The juvenile court is required to make an "explicit declaration" whether a wobbler offense is a felony or a misdemeanor.]; see also Cal. Rules of Court, rules 5.780(e)(5), 5.795(a).)  The juvenile court must make this declaration "at or before disposition." (*In re G.C.* (2020) 8 Cal.5th 1119, 1125.)

This requirement "helps determine the length of any present or future confinement for a wobbler offense" and "it 'ensur[es] that the juvenile court is aware of, and actually exercises, its discretion under … [Welfare and Institutions Code] section 702.' " (*G.C.*, *supra*, 8 Cal.5th at p. 1125.)  "It is not sufficient that the offenses were identified as felonies in the wardship petitions and in the minute order of the jurisdictional hearing, or that they were treated as felonies for purposes of calculating the maximum term of confinement." (*Ibid.*)

"If the court did not make the required express determination, but the record shows it was aware of—and, in fact, exercised—its discretion, the matter need not be remanded.  [Citation.]  However, if the record does not show such an exercise of discretion, the matter must be remanded." (*In re Raymundo M.* (2020) 52 Cal.App.5th 78, 92.)

---

[3]      For organizational purposes, we first address minor's supplemental brief.

4.

"Assault with a deadly weapon is a wobbler that can be treated in the court's discretion as a felony or a misdemeanor." (§§ 17, 245, subd. (a)(1); *In re Raymundo M.*, *supra*, 52 Cal.App.5th at p. 90.)

Here, the juvenile court did not make an express declaration as to the status of minor's assault with a deadly weapon (§ 245, subd. (a)) offense, nor does the record reflect that the court was aware of or exercised its discretion to do so. None of the court's statements during the jurisdiction or disposition hearings indicate that the court considered the "wobbler" status of minor's offense. As the record reflects that the court failed to make an express declaration and was unaware of or did not exercise its discretion as to whether minor's offense is a misdemeanor or a felony, the probation department's notation that the offense was a felony and the filing of a felony petition are not sufficient to satisfy the requirement of Welfare and Institutions Code section 702. (See *In re Ricky H.* (1981) 30 Cal.3d 176, 191; see also *Manzy W.*, *supra*, 14 Cal.4th at pp. 1207–1209.)

Accordingly, the matter must be remanded for the juvenile court to exercise its discretion consistent with Welfare and Institutions Code section 702 as to whether minor's assault with a deadly weapon offense (§ 245, subd. (a)) is a felony or a misdemeanor.

**II.     Electronic Devices Search Probation Condition and Gang Probation Condition**

Minor also contends that the juvenile court must be directed on remand to strike the electronic devices search and gang probation conditions imposed herein because the record does not disclose on its face a lawful basis for the conditions. The People agree that the record does not disclose a lawful basis for these conditions. However, the People

contend that upon remand, the court may determine and articulate whether there is a lawful basis for the probation conditions.[4] We agree with the People.

### A. *Background*

The matter was continued for a disposition hearing after the juvenile court found true the allegation that minor had committed the offense of assault with a deadly weapon. (§ 245, subd. (a)(1).) Prior to the disposition hearing, the probation officer filed a report and recommendations.

The probation officer's report noted that minor denied any gang involvement and noted that there was no gang validation regarding minor. The report further stated that minor had tested clean on her drug tests. The report made no mention of the use of any electronic communication to commit her offense. However, the report recommended that the electronic devices search and gang probation conditions be imposed on minor, stating minor must,

> "[s]ubmit to search of all electronic devices, including cell phones and computers at any time of the day or night by any Probation Officer or Peace Officer with or without a warrant, probable cause, or reasonable suspicion over which the minor has control over or access to for electronic communication. Minor must provide access/passwords to any electronic devices, computers, cell phones, accounts, and applications to any Probation Officer or Peace Officer. Minor waives the specific consent and warrant requirements set forth in [sections] 1546 and 1546.1 .… [¶] … [¶] [And] [d]o not wear or possess any item of gang clothing known to be such by you, including gang insignia, moniker, or pattern, jewelry with gang significance nor may you display any gang insignia, marker, or other markings of gang significance known to be such by you on your person or property as may be identified by [any] Peace Officer or Probation Officer. [Minor] will not display any gang signs or gestures known to be associated with gangs. Do not associate with person(s) known to you as being gang member(s). For the purpose of this condition, the word 'gang' means a

---

**4** Minor did not file a reply brief contesting the People's contention that the juvenile court may articulate a basis for the electronic devices search condition and the gang probation condition upon remand.

6.

criminal street gang as defined in … section 186.22, subdivisions (e) and (f)."

At the disposition hearing, minor objected to the imposition of the two conditions. The following exchange occurred:

> "[DEFENSE COUNSEL]: Well, I'm objecting to the search of electronic devices, and also there is no real evidence that this was a gang-type thing that there was any real criminal street gang involvement, so I know that—as far as not wearing any gang clothing or whatever, that's not necessarily relevant either.

> "PROBATION [OFFICER]: Your honor, the electronic devices [search condition] was actually added to the 'A' petition [petition A][5] and that was—the review date was on 1-11 of 2021."

The court overruled defense counsel's objections and imposed the conditions, stating they were "reasonably related to the prevention of future criminality and to aid [minor] in becoming a successful adult."

### B.  Law

"The permissible scope of discretion in formulating terms of juvenile probation is … greater than that allowed for adults." (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910.)  " ' "A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile." ' [Citation.] 'The reasonableness and propriety of the imposed condition is measured not just by the circumstances of the current offense, but by the minor's entire social history.' " (*In re Alonzo M.* (2019) 40 Cal.App.5th 156, 164 (*Alonzo M.*).)

"Though broad, the juvenile court's discretion has limits." (*Alonzo M.*, *supra*, 40 Cal.App.5th at p. 164.)  Every probation condition must be made to fit the circumstances

---

[5]  Petition A is not included in the record before the court.

and the minor. (*In re Binh L.* (1992) 5 Cal.App.4th 194, 203.) Courts have recognized that a " ' "minor cannot be made subject to an automatic search condition; instead such condition must be tailored to fit the circumstances of the case and the minor." ' " (*In re J.B.* (2015) 242 Cal.App.4th 749, 756.)

"Under [*People v. Lent* (1975) 15 Cal.3d 481], which applies to both juvenile and adult probationers, a probation condition is invalid if it ' " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " [Citations.] "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." ' " (*Alonzo M.*, *supra*, 40 Cal.App.5th at p. 164.)

However, the third prong under *Lent* does not require a "nexus" between the probation condition and the underlying offense or prior offenses. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1122 (*Ricardo P.*) [Where record contained no indication that the minor had used or would use electronic devices in connection with drugs or any illegal activity, the record was insufficient to justify the substantial burdens imposed by the electronic devices search condition.].) " '[C]onditions of probation aimed at rehabilitating the offender need not be so strictly tied to the offender's precise crime' [citation] so long as they are 'reasonably directed at curbing [the minor's] future criminality' [citation]. For example, courts may properly base probation conditions upon information in a probation report that raises concerns about future criminality unrelated to a prior offense." (*Ibid.*)

Nevertheless, "[a] probation condition that imposes substantially greater burdens on the probationer than the circumstances warrant is not a 'reasonable' one." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1128.) "*Lent*'s requirement that a probation condition must be ' "reasonably related to future criminality" ' contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served

by the condition." (*Id*. at p. 1122.)  The connection between the challenged condition and future criminality must be "more than just an abstract or hypothetical relationship."  (*Id*. at p. 1121.)  Instead, there must be a strong connection between "the burdens imposed by the challenged condition and a probationer's criminal conduct or personal history."  (*Id*. at p. 1120.)

"[R]equiring a probationer to surrender electronic devices and passwords to search at any time is … burdensome and intrusive, and requires a correspondingly substantial and particularized justification."  (*Ricardo P*., *supra*, 7 Cal.5th at p. 1126.)

### C.    *Analysis*

Minor's electronic devices search and gang probation conditions cannot be upheld under the *Lent* test.  First, the conditions have no relationship to minor's offense of assault with a deadly weapon, as the record does not suggest that minor utilized her electronic devices to facilitate the assault, nor suggest any involvement by minor with gangs.  Further, the conditions relate to conduct which is not itself criminal, as there is nothing inherently illegal about using electronic devices or associating with people who are associated with gangs.  (See *Alonzo M*., *supra*, 40 Cal.App.5th at p. 164; see also *In re P.O.* (2016) 246 Cal.App.4th 288, 294.)  Last, the conditions do not meet the third prong of the *Lent* test in that they are not reasonably related to minor's future criminality based on the record before us.  (See *Ricardo P*., *supra*, 7 Cal.5th at pp. 1120–1121.)

Following *Ricardo P*., we conclude that when the juvenile court imposed the electronic devices search probation condition and gang probation condition in this case, it failed to articulate how the conditions were reasonably related to preventing minor's future criminality.  At the disposition hearing, the court simply stated that the purpose of these conditions was to prevent minor's future criminality.  However, it did not otherwise explain on the record how the conditions were related to preventing minor from future criminality.  Further, the record on appeal does not contain petition A, referenced by the probation officer during the discussion of the conditions, nor details of minor's prior

offenses that resulted in her being made a ward of the court. A condition without further explanation or support in the record is not permissible in a case such as this, where the record discloses no connection between the minor's use of electronic devices or connection to gangs and her future criminality, aside from a passing reference by the probation officer to the previous petition which is not included in the record before us. (See *Ricardo P.*, *supra*, 7 Cal.5th at p. 1115.) These probation conditions burden minor's privacy in a manner substantially disproportionate to the probation department's legitimate interest in monitoring minor's compliance with probation without further explanation or justification. (*Ricardo P.*, at p. 1121; *People v. Brandão* (2012) 210 Cal.App.4th 568, 574; *In re Edward B.* (2017) 10 Cal.App.5th 1228, 1234–1236.) We thus conclude that the electronic devices search and gang probation conditions imposed by the juvenile court are invalid under *Lent* and *Ricardo P.*

Minor argues that because the electronic devices search and gang probation conditions cannot be upheld under the *Lent* test, we must strike the conditions from the order. However, it is possible that the electronic devices search and gang probation conditions may be appropriately imposed. (See *People v. Cota* (2020) 45 Cal.App.5th 786, 791 [remand to allow possible modification or justification of invalid probation condition proper].)

Accordingly, the electronic devices search and gang probation conditions are stricken from the disposition order and the matter is remanded so the juvenile court may consider whether to adopt the conditions consistent with *Lent* and *Ricardo P.*

## DISPOSITION

We strike the electronic devices search probation condition and gang probation condition. We remand the matter for the juvenile court to determine on the record whether the offense of assault with a deadly weapon is a misdemeanor or a felony, consistent with Welfare and Institutions Code section 702 and to determine whether to

10.

impose revised electronic devices search and gang probation conditions consistent with this opinion.  In all other respects, the disposition order is affirmed.