Filed 11/25/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re J.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.B.,<br><br>    Defendant and Appellant. | A144396<br><br>(Alameda County<br>Super. Ct. No. SJ14023594-01) |

Minor appeals from a dispositional order issued pursuant to Welfare and Institutions Code section 602 after he admitted committing a petty theft. He contends the court unconstitutionally imposed a condition of probation that requires him to permit searches of and disclose all passwords to his electronic devices and social media sites. Because there was no evidence connecting the juvenile's electronic device or social media usage to his offense or to a risk of future criminal conduct, the condition is unreasonable. Accordingly, we shall modify the judgment to strike this condition.

**Factual and Procedural History**

The record contains the following summary of the minor's offense: "According to Fairfield police and the Solano County Sheriff's Office, in Report #14-8030, written by Officer Daniel Hatzell, on 8/9/14 the reporting officer responded to the Sears store . . . located at 1420 Travis Blvd., Fairfield, CA, . . . and met with Jason Vallett, who was monitoring the store's closed circuit TV system when he observed the minor and the co-participant in the store as the co-participant selected a shirt from a display counter and then put his own sweatshirt on top of the store's shirt. The minor then picked up the

1

sweatshirt and the store's shirt, concealed the store's shirt inside the sweatshirt and walked out of the store without paying for the merchandise. The minor and co-participant were then contacted by Sears' loss prevention staff and arrested."

On August 25, 2014, a petition was filed under Welfare and Institutions Code section 602, subdivision (a), alleging that the minor committed a petty theft on August 9, 2014. At the jurisdictional hearing, the minor admitted the allegation. The minor was adjudged a ward of the court and placed on probation. In addition to the standard conditions of probation, the court required the minor to submit to a search of "[his] electronics including [his] passwords."[1] The minor objected to this condition, arguing that there was no factual basis in the record to support this portion of the search clause. The court responded, "I find that individuals who are involved in drugs such as this individual tend to record their usage on the Internet, including photos of themselves smoking, in possession of such drugs, so that's appropriate. It's a very necessary condition to be supervised."

Thereafter, minor filed a motion to delete the "electronic search" probation condition. The court denied the motion, explaining, "So the purpose of this drug condition and the monitoring of the electronics goes very specifically to two points: . . . whether or not he and his [coparticipant] cousin ha[d] gotten together to use the Internet to arrange to meet in a certain place with the idea of stealing items, [and] the possibility that, as the court and you are, from your experience, well aware, the minors do use the Internet to buy and sell, as adults do, drugs. Particularly for minors, they go on the Internet to brag about their drug use, showing themselves puffing marijuana, showing themselves with drug paraphernalia and, of course, with weapons and those other types of improper probation activities." The court added that the search condition is "not just

_____

[1] The disputed condition orders minor to submit to "a search of your person, any containers you may have or own, your vehicle, your residence, and your electronics including your passwords." The minute order states: "Submit . . . electronics including passwords under your control to search by probation officer or peace officer with or without a search warrant at any time of day or night."

2

deterring him from committing crimes but also just to monitor as part of the probation terms and conditions" and noted that the minor had admitted to "at least two and a half years of using marijuana." Finally, the court noted the connection between the minor's phone and his poor attendance and performance at school. The court cited minor's 0.0 grade point average and referenced an incident in which the minor was "playing with his cell phone" during an interview with his mother and the probation officer. The court stated, "During this conversation, he was playing with his cell phone. His mother told him to put it away, which he did. A few minutes later, he was again playing with his cell phone. . . . [His mother] told him to put it away and reached for his phone. [The minor] moved the phone out of her reach and continued playing with the phone. It was not until the [probation officer] told him to put it away that he finally put it away." The court continued, "Clearly, he's very closely connected with the use of his cell phone, which is disrespectful, not paying attention, and this connection makes it even more important that the probation officer be able to monitor what he was doing on his cell phone, what's he doing on his cell phone in an interview, what's he doing on the cell phone in social media when he's not going to school, what's he doing with regard to the offenses he may be committing, what's he doing with . . . regards to the drugs he maybe be trying to purchase, sell or use." The court ultimately denied the motion.

The minor timely filed a notice of appeal.

## Discussion

Welfare and Institutions Code section 730, subdivision (b) "authorizes the juvenile court to 'impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and even to impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile.' " (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5.) In *In re Victor L.* (2010) 182 Cal.App.4th 902, the court explained," ' The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents' [citation], thereby occupying a 'unique role . . . in caring

3

for the minor's well-being.' [Citation.] . . . [¶] The permissible scope of discretion in formulating terms of juvenile probation is even greater than that allowed for adults. '[E]ven where there is an invasion of protected freedoms "the power of the state to control the conduct of children reaches beyond the scope of its authority over adults . . . ." ' [Citation.] This is because juveniles are deemed to be 'more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed.' " (*Id.* at pp. 909-910.) The reasonableness and propriety of the imposed condition is measured not just by the circumstances of the current offense, but by the minor's entire social history. (*In re Walter P.* (2009) 170 Cal.App.4th 95, 100.)

The juvenile court's discretion, while broad, is not unlimited. A probation condition is invalid if it: " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).) In order to invalidate a condition of probation under the *Lent* test, all three factors must be found to be present. (*People v. Balestra* (1999) 76 Cal.App.4th 57, 65, fn. 3; see *Lent*, p. 486, fn. 1.) This three-part test applies equally to juvenile probation conditions. (*In re D.G.* (2010) 187 Cal.App.4th 47, 52.)

We review the juvenile court's probation conditions for abuse of discretion, and such discretion will not be disturbed in the absence of manifest abuse. (*In re Erica R.* (2015) 240 Cal.App.4th 907, 912.) But "[w]hile we generally review the court's imposition of a probation condition for abuse of discretion, we review constitutional challenges to probation conditions de novo." (*In re Malik J.* (2015) 240 Cal.App.4th 896, 901.)

Here, the challenged condition clearly meets the first two of the *Lent* factors. The challenged electronic search condition has no relationship to the crime of petty theft or to the specific offense that minor admitted committing. There is no evidence in the record that the minor used email, texting or social networking websites to facilitate his offense. The court's suggestion that the minor may have used "the Internet to arrange to meet in a certain place with the idea of stealing items" is speculation. (See *In re Erica R., supra,*

4

240 Cal.App.4th at pp. 912-913 [suggestion that "cell phone and electronic devices 'could have been used to negotiate the sales of the illegal substance' " is insufficient to justify electronic search condition where there was nothing in the record regarding the current offense for drug possession or the minor's social history that "connects her use of electronic devices or social media to illegal drugs."].) Likewise, it is beyond dispute that the use of electronic devices and of social media is not itself criminal.

The issue in this case focuses on whether the condition is reasonably related to future criminal activity by the minor. The Attorney General argues that the condition is reasonably related to future criminality in that it was "designed to help probation officers monitor other probation conditions prohibiting drinking alcohol or taking drugs and requiring [minor] to stay away from the coparticipant with whom he committed the theft, avoid those under the influence of an illegal or intoxicating substance, attend school, and obey parents." As a tool for monitoring compliance and deterring future criminality, the Attorney General argues it is no different from any other search condition to which the minor is subject. According to the Attorney General, "Because the probationer has a diminished expectation of privacy, such searches are permissible."

In *Erica R.,* another division of this court rejected this argument under circumstances strikingly similar to those in the present case. (*In re Erica R., supra,* 240 Cal.App.4th at p. 913.) There, the court observed, "the record does not support a conclusion that the electronic search condition is reasonably related to future criminal activity by Erica. The juvenile court justified the electronic search condition solely by reference to its experience that 'many juveniles, many minors, who are involved in drugs tend to post information about themselves and drug usage.' However, '[n]ot every probation condition bearing a remote, attenuated, tangential, or diaphanous connection to future criminal conduct can be considered reasonable.' [Citation.] There is nothing in this record regarding either the current offense or Erica's social history that connects her use of electronic devices or social media to illegal drugs. In fact, the record is wholly silent about Erica's usage of electronic devices or social media. Accordingly, '[b]ecause there is nothing in [Erica's] past or current offenses or [her] personal history that demonstrates

5

a predisposition to utilize electronic devices or social media in connection with criminal activity, 'there is no reason to believe the current restriction will serve the rehabilitative function of precluding [Erica] from any future criminal acts.' " (*Id.* at p. 913.) Essentially the same can be said of the minor's offense and social history in the present case.

The court in *Erica R.* also pointed out the difference between adult and juvenile probation that is equally applicable in this case. The court explained, " ' "[J]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment; it is an ingredient of a final order for the minor's reformation and rehabilitation. " ' [Citation.] A juvenile 'cannot refuse probation [citations] and therefore is in no position to refuse a particular condition of probation.' [Citation.] Courts have recognized that a 'minor cannot be made subject to an automatic search condition; instead, such condition must be tailored to fit the circumstances of the case and the minor.' " (*In re Erica R., supra,* 240 Cal.App.4th at p. 914.) Because the minor's electronic search condition is not properly tailored to his circumstances, it is invalid under *Lent*.

*People v Ebertowski* (2014) 228 Cal.App.4th 1170, 1173-1176, cited by the trial court and relied on by the Attorney General, is distinguishable on this basis. In *Ebertowski*, the court upheld probation conditions that required the probationer to submit to a warrantless search of his electronic devices and provide passwords to any electronic devices within his custody or control, as well as passwords to any social media sites. Unlike the present case where there is no evidence that minor used his electronic devices to perpetrate the theft or engage in other illegal activity, the record in *Ebertowski* included evidence that the defendant, who was in a criminal street gang and had been convicted of a gang related offense, had used social media to promote his gang. (*Id.* at p. 1173.)

The same distinction differentiates the present case from the circumstances in *Malik J.*, in which this court very recently upheld a probation condition authorizing warrantless searches of electronic devices in the minor's custody and control. (*In re Malik J., supra,* 240 Cal.App.4th at pp. 903-904.) In that case the minor had a history of robbing people of their cell phones and the condition was justified " 'so that, if [Malik]

6

were found in possession of a cell phone, a probation or police officer could check the phone to determine whether it had been stolen.' " (*Id.* at p. 902.) However, the condition in that case went "considerably farther than permitting police to search a cell phone to determine whether Malik is the owner." (*Ibid.*) After pointing out the exceptional privacy concerns of the minor and third parties posed by access to all of the data stored and accessible over one's cell phone, this court restricted the scope of searches authorized by the condition and struck the requirement that the minor provide social media passwords as constitutionally overbroad. (*Id.* at pp. 902-904.)

In the present case, there is no showing of any connection between the minor's use of electronic devices and his past or potential future criminal activity. As in *Erica R.,* " 'there is no reason to believe the current restriction will serve the rehabilitative function of precluding [J.B.] from any future criminal acts.' " (*In re Erica R., supra,* 240 Cal.App.4th at p. 913.) The requirement that he submit his electronic devices for search and provide his probation officer with his electronic passwords is constitutionally overbroad and must be stricken.

We have not overlooked the views of our colleagues set forth in the still more recent opinions in *In re Ricardo P.* (2015) 241 Cal.App.4th 676 and *In re Patrick F.* (Nov. 12, 2015) __ Cal.App.4th __ [2015 Cal.App. Lexis 1016]. However, we question whether the Supreme Court decision in *People v. Olguin* (2008) 45 Cal.4th 375 justifies a probation condition that facilitates general supervision of a ward's activities if the condition requires or forbids noncriminal conduct bearing no relation to the minor's offense that is not reasonably related to potential future criminality as demonstrated by the minor's history and prior misconduct. In our view, such a broad condition cannot be squared with the limitations imposed by *Lent, supra,* 15 Cal.3d at page 486, and in some cases may exceed constitutional limitations. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 890.)

In *Olguin,* the Supreme Court upheld an adult probation condition requiring the defendant to inform his probation officer of the presence of pets at his residence. The court held the condition to be "reasonably related to future criminality because it serves

7

to inform and protect a probation officer charged with supervising a probationer's compliance with specific conditions of probation." (*People v. Olguin, supra,* 45 Cal.4th at p. 381.) However, citing *Lent,* the *Olguin* court reiterated that "the relevant test is *reasonableness* [citation] and defendant does not persuasively explain why it is *unreasonable* to place the burden on defendant to keep the probation officer informed of the presence of any pets at the residence." (*Id.* at pp. 383-384.) To the contrary, the court observed that "[r]eporting the presence of pets to a probation officer is a simple task, imposes no undue hardship or burden, and is a requirement that clearly falls within the bounds of reason." (*Id.* at p. 382.) The court there had no occasion to consider the reasonableness of requiring a probationary minor to submit all of his electronic devices to inspection without any evidence or indication that the minor was likely to use the devices for unlawful or other proscribed activity. The Supreme Court certainly was not considering any of the privacy concerns articulated in *Riley v. California* (2014) 573 U.S. ___ [134 S.Ct. 2473] and in *In re Malik J.*, *supra*, 240 Cal.App.4th 896.

In addition, *People v. Olguin, supra*, 45 Cal.4th 375 involved an adult probationer. As the court in *Erika R.* observed, the significant differences between adult and juvenile probationers prohibit imposition of an automatic search term and require that search conditions be tailored to fit the rehabilitative needs of the minor. (*In re Erica R., supra,* 240 Cal.App.4th at p. 914; see also Welf. & Inst. Code, § 730.) The fact that a search condition would facilitate general oversight of the individual's activities is insufficient to justify an open-ended search condition permitting review of all information contained or accessible on the minor's smart phone or other electronic devices.

Indeed, in *Ricardo P.* the court held that the probation condition requiring the minor to submit " 'electronics including passwords under [his] control to search by [p]robation [o]fficer or peace office[r] with or without search warrant at any time of day or night' " (*In re Ricardo P., supra*, 241 Cal.App.4th at p. 681) was " 'unconstitutionally overbroad because it is not narrowly tailored to limit the impact on [his] privacy rights' " (*id.* at p. 687). The court struck the phrase "electronics including passwords" from the probation condition, while authorizing the trial court "to impose a probation condition

8

permitting searches of a narrower range of electronic information related to the court's supervisory concerns." (*Id.* at p. 692.) Likewise, the court in *Patrick F.* held the trial court's similar condition to be overbroad in failing to "limit the types of data (whether on the phone or accessible through the phone) that may be searched" and that the minor's privacy interest can be invaded by a search condition authorizing a search of information contained in a minor's electronic device "only to the extent the information is reasonably likely to yield evidence of drug use, other criminal activity or noncompliance with probation conditions." (*In re Patrick F., supra,* __Cal.App.4th at p. __ [2015 Cal.App. Lexis at p. *13].) Whether or not the limited electronic search conditions approved in those cases was justifiable under *Lent,* given the juvenile court's explicit concern over the minors' use of illegal drugs in both cases (*In re Ricardo P., supra,* at p. 681; *In re Patrick F., supra,* at p. __ [2015 Cal.App. Lexis at p. *3), we do not believe that the minor's prior use of marijuana in this case provides sufficient justification under the *Lent* criteria to require him to submit his electronic devices to warrantless searches.

Moreover, we question the juvenile court's ability to articulate a "narrower range of electronic information" that will preserve the minor's legitimate privacy interests. The *Ricardo P.* court stated that "[s]uch a condition could, for example, limit searches of Ricardo's cell phone and other devices to electronic information that is reasonably likely to reveal whether Ricardo is boasting about his drug use or activity, such as text and voicemail messages, photographs, e-mails and social media accounts." (*In re Ricardo P., supra,* 241 Cal.App.4th at pp. 692-693.) In *Patrick F.* the court limited the search condition to "a search of any text messages, voicemail messages, call logs, photographs, e-mail accounts and social media accounts." Whether either of these limitations is any limitation at all seems highly doubtful. In *Riley v. California, supra,* 573 U.S. at p. __ [134 S.Ct. at p. 2492], the United States Supreme Court observed that an *Arizona v. Gant* (2009) 556 U.S. 332 standard allowing a warrantless search of an arrestee's cell phone whenever it is reasonable to believe that the phone contains evidence of the crime of arrest "would prove no practical limit at all when it comes to cell phone searches." The Supreme Court also opined that "a rule that would restrict the scope of a cell phone

search to those areas of the phone where an officer reasonably believes that information relevant to the crime, the arrestee's identity, or officer safety will be discovered . . . would again impose few meaningful constraints on officers. The proposed categories would sweep in a great deal of information, and officers would not always be able to discern in advance what information would be found where." (*Riley v. California, supra,* at p. __ [134 S.Ct. at p. 2492].)

Moreover, while we agree with the courts' observation in *Ricardo P.* and *Patrick F.* that the minor has no standing to raise the privacy interests of third parties, that is no justification for the court to authorize probation officers to invade the privacy of other innocent parties who participate in the same social media networks as the minor. In all events, absent any reason to believe that the minor's cell phone will be used for an improper purpose, we believe the search condition of the minor's electronic devices should simply be stricken.

### Disposition

The disposition order is modified to strike the probation condition requiring minor to submit to a search of his electronics including his passwords. In all other respects the disposition order is affirmed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Jenkins, J.

10

| | |
|---|---|
| Trial Court: | Alameda County Superior Court |
| Trial Judge: | Honorable Leo Dorado |
| Counsel for plaintiff and respondent: | Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Acting Senior Assistant Attorney General, Donna M. Provenzano, Supervising Deputy Attorney General, and Hanna Chung, Deputy Attorney General. |
| Counsel for defendant and appellant: | Jeffrey E. Thoma, under appointment by the Court of Appeal. |

A144396