Filed 6/28/16

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| In re GEORGE F., a Person Coming Under the Juvenile Court Law. | |
| --- | --- |
| THE PEOPLE, | D069227 |
| Plaintiff and Respondent, | (Super. Ct. No. J235534) |
| v. | |
| GEORGE F., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Browder A. Willis III, Judge.  Affirmed.

Sheila O'Conner, by appointment of the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

A petition was filed with the juvenile court under Welfare and Institutions Code section 602 alleging that George F. committed a lewd and lascivious act upon a child under the age of 14 (Pen. Code,[1] § 288, subd. (a); count 1), and that George willfully annoyed and molested a child under the age of 18. (§ 647.6, subd. (a); count 2.) The People offered to dismiss count 1 if George admitted to count 2. George admitted to count 2 and the juvenile court found a factual basis for that admission. The court then granted the People's motion to dismiss count 1, declared George a ward of the court, and ordered him to juvenile probation on various terms and conditions.

George appeals contending that the conditions of his probation restricting his use of electronics or requiring the submission of those electronics to search are (1) invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and (2) unconstitutionally overbroad. We disagree.

## FACTS

The juvenile court found the following factual basis for George's admission:

> "[O]n or about January 4th of 2014, George did willfully, unlawfully annoy, [and] molest [a child], who was six years old at the time by laying on top of her and kissing her, and when he laid on top of her, he touched her with his body in violation of Penal Code section 647.6(a), a misdemeanor."

At George's disposition hearing, the probation department recommended the following probation conditions relevant to this appeal:

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

"16.  The minor shall not knowingly possess sexually explicit material as defined by the California Code of Regulations, title 15, section 3006, subdivisions (c)(1)(A).

"17.  The minor shall not knowingly access the Internet or any on-line service through use of an electronic device such as a computer, electronic notepad or cell phone, at any location (including school) without the prior approval by the probation officer.

"18.  The minor shall provide all passwords and pass phrases to unlock or unencrypt any file, system, or data of any type, on any electronic devices, such as a computer, electronic notepad, or cell phone, to which the minor has access.  Minor shall submit those devices to a search at any time without a warrant by any law enforcement officer, including a probation officer.

"19.  The minor shall provide all passwords or pass phrases to any internet sites or social media sites, such as Facebook, Twitter, SnapChat, or Google+, used or accessed by the minor.  When asked by any law enforcement officer, including a probation officer, the minor shall submit those websites to a search at any time without a warrant.  The minor shall not knowingly clean or delete his or her Internet browsing.

"20.  The minor shall not knowingly use any tool, site, software, device, or procedure that will tend to hide the minor's identity or Internet or computer activity, such as Anonymizer, remailers, Zeroknowledge, wipe or file shredder, or similar program.

"21.  The minor shall use his or her first and last name when registering or opening accounts, websites, or sending electronic communications.  The minor shall not knowingly provide false information about his or her identity to any provider of an 'electronic communication service' as defined under paragraph 15 of section 2510 of Title 18 of the United States Code when purchasing, subscribing to, or agreeing to purchase any service from that provider that allows the minor to send or receive electronic communications.

"22.  The minor grants consent to any Internet service provider, telecommunications provider, or electronic communications service provider to provide any law enforcement officer, including the probation officer, with subscriber information and content of any

3

data related to or held on behalf of the minor during the probationary period.

"34.  The minor shall not knowingly have any direct or indirect contact with the victim(s) . . . either directly or indirectly in any way, including, but not limited to, in person, by telephone, by texting, in writing, by public or private mail, by email or fax, or by any other electronic means.

"35.  The minor shall not knowingly associate with children whom the minor knows or reasonably should know are under the age of 10 and shall not frequent places where children whom the minor knows or reasonably should know are under the age of 10 congregate, unless in the company of a responsible adult over the age of 21 who is aware of the allegations filed against the minor and aware that the minor is on probation for PC647.6(a).

"43.  The minor shall not knowingly access phone/internet services or subscribers including 1-900 numbers, which he or she knows, or reasonably should know, contain sexually explicit content, as defined by the California Code of Regulations, title 15, section 3006, subdivision (c)(1)(A), and the minor's parents/guardians will be required to provide the probation department with copies of phone bills upon request.

"45.  The minor shall not knowingly frequent websites or adult bookstores or any other place the minor knows or reasonably should know contain pornographic materials.  The minor shall not knowingly purchase or possess any pornography or sexually explicit materials, having been informed by the probation officer that such items are pornographic or sexually explicit.  The probation officer shall provide the minor and the minor's parent/guardian with a written notice that defines what are considered 'pornographic' or 'sexually explicit' materials or images.

"46.  The minor shall not knowingly access any website that he or she knows, or reasonably should know, contains sexually explicit content.

"47.  The minor shall not knowingly use any electronic device, such as a computer, electronic notepad, or cell phone, for any purpose other than school-related assignments, or legitimate work or personal purposes.  The minor is to be supervised when using an electronic

4

device such as a computer, electronic notepad, or cell phone, by a responsible adult over the age of 21 who is aware that the minor is on probation, is aware of the minor's charges, and is aware of the limits on the minor's computer use. The probation officer shall provide the minor and the minor's parent/guardian with a written notice that defines what are legitimate school, work or personal uses.

"48. The minor is not to use a computer for any purpose other than school related assignments. The minor is to be supervised when using a computer in the common area of his/her residence or in a school setting.

"49. The minor shall not knowingly utilize the password protect function on any file or electronic device, such as a computer, electronic notepad, or cell phone he/she uses.

"50. The minor's 4th Amendment waiver extends to any electronic device, such as a computer, electronic notepad, or cell phone, which the minor uses or to which the minor has access. The minor's 4th Amendment waiver also extends to any remote storage of any files or data which the minor knowingly uses or to which the minor has access. The minor agrees to submit to a search of any electronic device, such as a computer, electronic notepad, or cell phone, at any time without a warrant by any law enforcement officer, including a probation officer."

The People did not oppose striking conditions 47 and 48. The court struck those conditions, and imposed all others recommended. George objected to conditions 17, 19, and 20 for lack of "nexus" to the crime, and to conditions 21 and 22 for both lack of nexus to the crime and overbreadth under the Fourth Amendment. In objecting to condition 22, defense counsel said, "At this point we are not in a position to agree to a blanket fourth-amendment waiver of consent."

DISCUSSION

George contends that the conditions of his probation restricting his use of electronics or requiring the submission of those electronics to search are (1) invalid under

5

*Lent*, and (2) unconstitutionally overbroad.  (*Lent, supra*, 15 Cal.3d 481; *In re Sheena K.* (2007) 40 Cal.4th 875.)  We review the *Lent* challenge for abuse of discretion, and the constitutional challenge de novo.  (*People v. Welch* (1993) 5 Cal.4th 228, 233.)

As a preliminary matter, respondent argues that George forfeited his right to appeal the conditions to which he did not object, or object on the same grounds as he appeals, at the disposition hearing.  We need not address whether George forfeited his claims, because we find the probation conditions valid on the merits of this appeal.

Legal Principals

The court may impose on a juvenile probationer "any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced."  (Welf. & Inst. Code, § 730, subd. (b).)  Under *Lent*, "a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality."  (*Lent, supra*, 15 Cal.3d at p. 486.)  "[A] probation condition is unconstitutionally overbroad if it imposes limitations on the probationer's constitutional rights and it is not closely or narrowly tailored and reasonably related to the compelling state interest in reformation and rehabilitation."  (*People v. Forrest* (2015) 237 Cal.App.4th 1074, 1080.)  A condition that "is reasonably related to the supervision of defendant" is reasonably related "to his rehabilitation and potential future criminality."  (*People v. Olguin* (2008) 45 Cal.4th 375, 380 (*Olguin*).)

Despite the holding in *Olguin, supra,* 45 Cal.4th 375, in *In re Erica R.* (2015) 240 Cal.App.4th 907 (*Erica R.*), the First District held that the imposition of probation

6

conditions which required the minor to submit electronic devices and passwords to search were not valid where that minor's offense was possession of ecstasy. (*Id.* at p. 914.) The First District echoed their ruling in *Erica R.* in *In re J.B.* (2015) 242 Cal.App.4th 749, 757-759 (*J.B.*), where they held *Olguin* did not justify a similar probation condition where the minor's offense was petty theft. We decline to follow either case for reasons specified below.

Analysis

By molesting a six-year-old girl, George demonstrated a sexual attraction to children. In exercising its discretion, a trial court could reasonably infer an increased risk that George would seek to possess child pornography or contact potential victims as the result of the attraction he demonstrated. Possessing child pornography and contacting children with the intent to commit sexual offense are criminal acts; therefore, restricting George's access to children and sexually explicit content, in light of the risks inferred from the nature of his offense, relates to future criminality. (§§ 311.11, 288.3.) The restrictions to that effect are uncontested in this case: conditions 16, 43, 45 and 46 all forbid George from accessing sexually explicit materials, and conditions 34 and 35 forbid George from contacting the victim and associating with children under the age of 10 respectively.

The internet can be used to download child pornography, and facilitate associations with children. The contested conditions (17, 18, 19, 20, 21, 22, 49, 50) in summary, require George to get permission to use a computer, disclose his passwords to law enforcement, refrain from obscuring his identity while online, and submit his

7

electronic devices to search. These contested conditions reasonably relate to the probation department's supervision of George, because compliance with these conditions provides the probation department with the practical information necessary to enforce the uncontested conditions (16, 34, 35, 43, 45, 46). Because *Olguin* provided that probation conditions reasonably related to a probationer's supervision are reasonably related to the probationer's future criminality and rehabilitation by extension, and George's conditions are reasonably related to his supervision, George's conditions are valid under *Lent, supra,* 15 Cal.3d 481 and constitutional. (*Olguin, supra*, 45 Cal.4th at p. 380; *Lent, supra*, at p. 486.)

George argues that we should not read the rule from our Supreme Court's decision in *Olguin, supra,* 45 Cal.4th 375 to apply to his case, because the First District has rejected similar probation conditions in petty theft and drug possession cases, despite the holding in *Olguin*. (See, *J.B.*, *supra*, 242 Cal.App.4th 749; *Erica R.*, *supra*, 240 Cal.App.4th 907.) In doing so, the First District noted that *Olguin* involved an adult probationer, and unlike adults, juveniles cannot choose to be incarcerated rather than submit to probation and its conditions. (*J.B.*, *supra*, at p. 756, citing *Erica R.*, *supra*, at p. 914.) The court noted further, that a broad reading of *Olguin* could undermine the limitations prescribed in *Lent, supra,* 15 Cal.3d 481. (*J.B.*, *supra*, at p. 757.)

Essential to George's rehabilitation, is deterring him from reoffending. The conditions the trial court imposed on George do just that, by making sure George knows that if he strays, his probation officers will find out. The wisdom in *Olguin, supra,* 45 Cal.4th 375, is that effective supervision of a probationer deters, and is therefore related

to, future criminality. Thus, upholding probation conditions through *Olguin* does not undermine the limits imposed by *Lent, supra,* 15 Cal.3d 481.

Furthermore, the notion a juvenile's inability to refuse probation would decrease the permissible breadth of conditions like those in this case, is inconsistent with the parental role of the court and its broader discretion for probationary sentencing in juvenile matters. (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.) Our Supreme Court has said, " ' "[because] juvenile probation is not . . . an act of leniency in lieu of statutory punishment . . . a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court." ' " (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 889.) In other words, the court may impose broader probation conditions on juveniles than it may adults, because for juveniles, probation is not an alternative to their punishment, it is their punishment.

In any event, the instant case is distinguishable from *Erica R., supra,* 240 Cal.App.4th 907 and *J.B., supra,* 242 Cal.App.4th 749. The connection between child molestation and digital child pornography or online sexual material is less attenuated than that between electronic communication and the offenses in drug possession or theft cases. In turn, conditions which facilitate the supervision of a sex offender's electronics are more reasonably related to future criminality than those which facilitate the supervision of thieves' and drug possessors' electronics. With that in mind, we affirm the lower court's order imposing conditions of George's probation which restrict his use and allow the search of electronics.

9

DISPOSITION

The order is affirmed.

_____
HUFFMAN, J.

WE CONCUR:

_____
BENKE, Acting P. J.

_____
PRAGER, J.*

---

\*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10