Filed 10/7/20  In re C.G. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re C.G., a Person Coming Under the Juvenile Court Law. | C089292 |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> C.G., <br><br> Defendant and Appellant. | (Super. Ct. Nos. JDSQ18227, JDSQ17293) |

Minor C.G., identified as an active gang member, was charged with multiple gun and assaultive crimes, most with gang allegations and enhancements.  A search of his cell phone (pursuant to a warrant) revealed that immediately before and after pistol whipping and robbing his companion, he had sought permission and then approval via text messages from a more senior member of the gang with which the minor was affiliated.

1

The search also revealed photographs of the minor throwing gang signs, as well as pictures of weapons and marijuana.

The minor resolved two pending cases by pleading no contest to two counts of (misdemeanor) grand theft of a person, carrying a concealed stolen firearm, and battery with serious bodily injury. The juvenile court placed him on probation with various conditions, including that he submit electronic devices under his control to warrantless searches "of any medium of communication reasonably likely to reveal whether you are engaged in gang activity" and provide all information necessary to access the information specified.

On appeal, the minor challenges the electronics search condition, contending it is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) as understood in light of *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*) because it is not reasonably related to future criminal conduct and is unconstitutionally overbroad.

Because we find the record supports this narrowly tailored search condition, we will affirm the judgment.

## BACKGROUND

The May 25, 2017 wardship petition (the 2017 petition) alleged the minor had committed second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c); count one)[1]; misdemeanor endangering the health of a child (§ 273a, subd. (b); count two); misdemeanor grand theft from a person (§§ 17, subd. (b)(4), 487, subd. (c); count three); attempting to dissuade a witness (§ 136.1, subd. (a)(2); count four); battery on school property (§ 243.2, subd. (a); count five); and a misdemeanor drug charge. On August 24, 2017, and following a special circumstance finding, the court placed the minor on informal probation.

---

[1] Undesignated statutory references are to the Penal Code.

On July 18, 2018, the People filed a successive wardship petition alleging multiple crimes including robbery (§§ 211, 212.5, subd. (c)) and assault with a firearm (§ 245, subd.(a)(2)), with numerous firearm and gang enhancements (the 2018 petition).

On November 13, 2018, the court terminated the minor's informal probation, and the minor resolved the two pending petitions by pleading no contest to two counts of misdemeanor grand theft of a person (§ 487, subd. (c)), carrying a concealed firearm when the firearm was stolen (§ 24500, subds. (a)(2), (c)(2)), and battery with serious bodily injury (§ 243, subd. (d)).

The stipulated factual basis for the minor's plea to the 2017 petition was that the minor "pushed a young kid off a bike and stole his bike and phone," and for the plea to the 2018 petition was that on April 18, 2018 he "used a firearm to pistol whip the victim and stole his jacket and bracelet and [the] victim suffered serious bodily injury and the next day [the minor] was found in possession of a stolen firearm."

A data extraction performed on the minor's cell phone revealed text messages from the date of the crimes admitted in the 2018 petition. Text messages from April 18, 2018, included a text message from the minor's phone to the phone of Leo Salas, a Broderick Boys criminal street gang associate considered to be an "OG" with significant influence over younger Broderick Boys. The text message said, "Ima sok this nigga;" and "do itt?" The reply from Salas's phone was, "Ya." The minor later texted, "Ima rob him and his whit friend." Another reply from Salas's phone was, "Ya." Another text from the minor's phone stated, "Ima crack this nigga;" and, "He disrespected Leo."

Text messages from the minor on April 19 stated, "I fuked him up baad;" "Stressin;" "I aint get punched;" "almost stabbed;" and "Im mobbing to go get swooped den get the barx" (meaning he's going to get picked up and then get the Xanax bars or pills).

Also contained on the phone were photographs of the minor throwing gang signs, as well as pictures of weapons and marijuana.

At the January 9, 2019 disposition hearing, the juvenile court adjudged the minor a ward of the court and adopted the findings and recommendations of the probation

3

department, subject to a later hearing to consider objections to certain probation conditions. Over the minor's objection, the court included the condition that the minor: "[s]ubmit all electronic devices under your control to a search of any medium of communication reasonably likely to reveal whether you are engaged in gang activity, with or without a warrant, at any time of day or night, and provide the probation officer or peace officer with any passwords necessary to access the information specified." The court also imposed Yolo County's standard gang conditions, which the minor did not challenge below and does not challenge here. Following briefing and argument from the parties, the juvenile court denied the minor's motion to modify the electronics search condition. The minor timely appealed.

## DISCUSSION

The minor argues overbreadth based on the use of the broad term "electronic devices" as well as unwarranted intrusion on his privacy; he also argues that the condition is unreasonable under *Lent,* as applied to his case. These arguments are made under a single heading and the only portion of the heading supported by argument and citation to authority is the minor's *Lent* claim.

"Welfare and Institutions Code section 730, subdivision (b) 'authorizes the juvenile court to "impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile.' " (*In re J.B*. (2015) 242 Cal.App.4th 749, 753-754.)

"A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*Lent, supra*, 15 Cal.3d at p. 486.) "The *Lent* test is

4

conjunctive-all three prongs must be satisfied before a reviewing court will invalidate a condition of probation." (*People v. Contreras* (2015) 237 Cal.App.4th 868, 879.)

In *Ricardo P., supra*, 7 Cal.5th 1113, the juvenile was declared a ward of the court after he committed two felony burglaries; he was placed on probation. The juvenile court imposed various probation conditions, including one which required the juvenile to " '[s]ubmit . . . electronics including passwords under [his] control to search by Probation Officer or peace office[r] with or without a search warrant at any time of day or night.' " (*Id.* at pp. 1116-1117.) The court justified the condition on the basis that it believed marijuana was involved in the offense and minors often bragged about marijuana usage on the Internet, and it was important to monitor Ricardo's drug usage. (*Id.*at p. 1117)

The *Ricardo P.* court found the electronics search condition significantly burdens privacy interests due to type and quantity of information stored on electronic devices. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1123.) Nothing suggested the juvenile had ever used an electronic device or social media in connection with illegal activity. (*Ibid.*) The court concluded the electronics search condition "imposes a very heavy burden on privacy with a very limited justification." (*Id.* at p. 1124.)

Our high court held that where there is no evidence defendant had used or will use electronic devices in connection with any illegal activity, the substantial burdens imposed by an electronics search condition are not justified. (*Ricardo P., supra*, 7 Cal.5th at p. 1116.) Under those circumstances, the condition violated *Lent* because "the burden it impose[d] on Ricardo's privacy [was] substantially disproportionate to the countervailing interests of furthering his rehabilitation and protecting society." (*Ricardo P.,* at p. 1119.)

Here, as in *Ricardo P.*, the minor argues that under the third prong of the *Lent* test, the electronics search condition is not reasonably related to future criminality. We disagree.

The burden imposed by the condition at issue here is somewhat less than the burden seen in *Ricardo P.* because it is limited to subjecting "electronic devices under your control to a search of any medium of communication reasonably likely to reveal whether you are engaged in gang activity." It is, nonetheless, substantial, as recognized

5

by the juvenile court, which described the condition as "intrusive" and remarked that many people, including the minor, had considerable personal information stored on electronic devices.

However, the condition was not unreasonable under the circumstances presented in this case. First, the 2017 petition involved the minor forcibly stealing a cell phone, among other items. Second, as we have described, the minor was an active gang member, and he communicated via electronic device to seek permission and also approval for his illicit gang activities, which included the crimes charged in the 2018 petition, from a more senior gang member. Thus, at least two of the minor's offenses implicate the first *Lent* factor.[2] (See *Lent, supra*, 15 Cal.3d at p. 486 [the first factor questions whether the condition has a relationship to the crime for which the defendant was convicted].)

Further, while it is true that the record shows the minor utilizing text messaging in furtherance of his gang activity, we do not agree that the electronics search provision should have been limited to text messages only. Rather, we concur with the juvenile court that it would be "too easy for a party to circumvent that by using another app to communicate or simply by posting pictures with a message on there." Moreover, the minor's gang-related electronic usage was not limited to text messages. Police analysis of the cell phone recovered from the minor's backpack following his arrest disclosed

---

[2] The minor's argument describing his text messages as "random thoughts" and "abstract or hypothetical ideas" is not persuasive and is contrary to the court's supported determination that his text messaging was related to his crime. His argument that "he did not use electronics to *accomplish* the crimes which he admitted" (italics added) does not alter the fact that he asked a senior gang member whether he should commit one of the offenses to which he admitted in the 2018 petition. Even assuming for the same of argument that this texted conversation did not satisfy the first *Lent* factor, it clearly would invoke the third factor, because encouragement from other gang members to commit crimes signals a need to monitor the minor's communications with other gang members to ensure that he is not encouraged to commit crimes.

photographs of the minor throwing gang signs, as well as pictures of weapons and marijuana.

Thus, under the third *Lent* factor (concerning future criminality), there is an appropriate nexus between the minor's history and the condition authorizing the search of "any medium of communication reasonably likely to reveal" the minor's participation in gang activity. We conclude that the trial court did not abuse its discretion in determining that the intrusion into the minor's privacy was proportional to the interests served thereby and that the condition was thus not invalid under *Lent*. (*Ricardo P., supra*, 7 Cal.5th at pp. 1122, 1128-1129.)

Under the same heading, the minor cursorily argues that the electronics search condition is unconstitutionally overbroad. We disagree that the condition fails for overbreadth. On the contrary, the search provision is limited to "any medium of communication reasonably likely to reveal" the minor's participation in gang activity.

Here, the minor had engaged in multiple violent acts, at least some of which were related to his gang involvement and occurred after he was on informal probation. This leaves little doubt that the community had a significant interest in monitoring the minor's involvement in his gang. Indeed, the minor is subject to gang conditions, which he does not challenge in this appeal. The challenged condition is narrowly tailored and ensures effective monitoring of the minor's criminal involvement with his gang, and thus, is not constitutionally overbroad. (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 ["A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad"]; *People v. Ebertowski* (2014) 228 Cal.App.4th 1170, 1172-1173, 1175-1176 [upholding electronics search condition against a defendant, convicted of criminal threats and resisting an officer, with a street gang benefit enhancement, who had used social media to promote his street gang as evidenced by discovery documents].) The constitutional challenge fails.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
Duarte, J.

We concur:

_____/s/_____
Hull, Acting P. J.

_____/s/_____
Renner, J.

8