Filed 5/13/25  P. v. Halfhide CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DAMIAAN ANTHONY HALFHIDE,<br><br>  Defendant and Appellant. | C100957<br><br>(Super. Ct. No. CR20233617) |

A jury found defendant Damiaan Anthony Halfhide guilty of assault, false imprisonment, contempt of court, and endangering the health of a child.  The court granted probation and imposed an electronic search condition as part of its grant of probation.  Defendant claims this probation condition is unreasonable and unconstitutionally overbroad.  We agree the electronic search condition is unreasonable and remand with directions to strike or tailor the condition at issue.

1

FACTUAL AND PROCEDURAL BACKGROUND

In November 2023, defendant was at home with two of his children while his wife, daughter, and stepdaughter were shopping. Defendant was drinking alcohol during the day and became upset when his wife returned home later than expected.

When defendant's wife, daughter, and stepdaughter returned home defendant was asleep on the couch. When he woke up he appeared inebriated and complained that the house was dirty. Defendant went into the kitchen, threw his wife's and stepdaughter's phones into one of the younger children's play area, and then walked through a hallway to his room. Defendant's wife later found a half-empty bottle of vodka and emptied the contents into the bathtub.

Defendant returned to the hallway and started to film his family members with his cell phone. His stepdaughter walked past him, ignoring him, and into the living room to get ready for a party. Defendant followed and continued to film her from an armlength's distance. Defendant's stepdaughter testified she did not know why he was filming her. After asking defendant to stop filming her, she reached for his phone. In response, defendant grabbed and twisted her arm. Defendant's wife came into the room to separate them but moments later defendant and his stepdaughter were grabbing each other's throats and yelling at each other. Defendant admitted to putting his stepdaughter in a headlock during the altercation. Defendant's wife again pulled them apart and defendant's stepdaughter threw his phone out the front door of the house. Defendant's stepdaughter immediately called 911; police officers arrived and arrested defendant.

A first amended information charged defendant with assault by means of force likely to cause great bodily injury (Pen. Code,[1] § 245, subd. (a)(4); count 1); false imprisonment with force and violence (§§ 236, 237, subd. (a); count 2); contempt of

---

[1] Undesignated statutory references are to the Penal Code.

2

court by contacting persons protected by a court order (§ 166, subd. (c)(1); count 3); battery against a spouse (§ 243, subd. (e)(1); count 4); abusing or endangering the health of a child, (§ 273a, subd. (b); count 5); and battery, (§ 242; count 6). The information also alleged several circumstances in aggravation (Cal. Rules of Court, rule 4.421(a) & (b)).

At trial, the prosecution introduced prior instances of defendant committing domestic violence including: Defendant slapping his daughter in February 2022 and an incident in April 2022 where defendant and his wife got into a physical altercation after defendant was drinking alcohol. During the April 2022 incident, defendant's wife fell to the ground during an argument and suffered a cut on her face. After she fell, defendant sat on her, the children intervened physically, and police officers eventually arrived at the home and arrested defendant.

A jury found defendant guilty on counts 1, 2, 3, and 5 and not guilty on counts 4 and 6. The court stayed imposition of the sentence and placed defendant on formal probation for four years. The court included the following condition as a term of defendant's probation: "The defendant shall consent to a search of any digital devices (including communication devices) in [his] possession or control and any social media accounts; [he] shall disclose passwords for any such devices/accounts to a probation officer or any peace officer on demand, without warrant or suspicion; . . . to ensure compliance with CPO."

At sentencing, defense counsel objected to the electronic search condition, claiming it was overbroad. Defense counsel asserted there was no nexus between the charged offenses or the risk of future criminality, citing to *In re David C.* (2020) 47 Cal.App.5th 657. He further argued, "[Defendant] didn't commit this offense by use of a cell phone. The offenses for which he's before the Court were physical confrontations. It wasn't a cell phone that caused the offense to occur. These were physical confrontations. . . . [¶] . . . There's nothing to show that he utilized a cell phone to commit the offenses,

3

and there's no reason to believe that this restriction will serve a rehabilitative purpose. There's nothing more than an abstract or hypothetical relationship in determining future criminality.  [¶]  It also challenges his privacy in an extreme way because it's asking for consent to search all digital devices.  It's not narrowly limited."

The prosecution argued defendant took *In re David C.* out of context.  It asserted that the probation term was valid because it related to preventing his past harassing conduct in violation of other restraining orders; to ensure compliance with criminal protective orders; and that defendant's means of harassing his family members, using his phone to film his family members, involved technology that should be subject to search. The trial court imposed the electronic search term over defendant's objection, finding that the probation term "pass[ed] muster" under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) for the reasons stated by the prosecution.

Defendant appealed.

## DISCUSSION

Defendant claims the electronic search condition in his probation terms is unreasonable and unconstitutionally overbroad.  The People assert the term is valid and that under *Lent* the trial court did not abuse its discretion by imposing it.  The People further assert the condition is closely tailored to its legitimate objective, which is to prevent defendant from harassing his family.  Defendant replies that the electronic search condition is not reasonably related to the state's legitimate interest to rehabilitate him or to protect the public.

When granting probation a court may impose "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer."  (§ 1203.1, subd. (j).)

4

"[C]ourts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) However, the court's discretion is not without limits--a condition of probation must serve a purpose specified in the statute. (*Id*. at p. 1121.) Under the test in *Lent*, a probation condition will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." (*Lent*, *supra*, 15 Cal.3d at p. 486.) Further, a probation condition that regulates conduct that is not itself criminal, such as an electronic search condition, must be "reasonably related to the crime of which the defendant was convicted or to future criminality." (*Ibid*.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

We review a challenge to a probation condition for abuse of discretion. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 889.)

The electronic search condition at issue permits the general "search of any digital [and communication] devices" and "any social media accounts" to ensure compliance with the criminal protective order. The court found the electronic search condition related to preventing defendant's past harassing conduct in violation of other restraining orders, to ensure compliance with criminal protective orders, and that defendant had harassed his family members by filming them with his phone.

Because the electronic search term is related to conduct that is not itself criminal, the term must be reasonably related to the underlying crime and preventing future criminality. (*Lent*, *supra*, 15 Cal.3d at p. 486.) Here, defendant's criminal conduct was assaultive in nature. Although defendant used his phone to film his family members during the commission of the crimes, his use of the phone was incidental. Defendant's phone was not used to plan, facilitate, or commit the criminal conduct which the

5

probation condition seeks to prevent. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1119, 1122-1123 [a probation condition providing full access to the defendant's phone was not proportional because defendant's cell phone use was not connected to his commission of burglary].) Because nothing in the record suggests defendant used his phone in connection with his criminal conduct, the burden imposed by the condition and the legitimate interests served by the condition were not proportional. (*In re Erica R.* (2015) 240 Cal.App.4th 907, 909-910 [electronic search condition was unreasonable because there was no history of the defendant using a phone in connection with criminal activity]; *In re J.B.* (2015) 242 Cal.App.4th 749, 752 [electronic search condition for theft offense was unreasonable because the phone was not used to facilitate the offense].)

The probation condition also does not reasonably prevent future criminality. Because use of cell phones is a ubiquitous part of daily life, mere use and possession of a cell phone alone does not indicate future criminal activity and a probation condition must balance defendant's privacy interest with the state's legitimate interest to prevent future harassment. (*Riley v. California* (2014) 573 U.S. 373, 385, 394-395; *In re Ricardo P.*, *supra*, 7 Cal.5th at p. 1122 [" '[C]onditions of probation aimed at rehabilitating the offender need not be so strictly tied to the offender's precise crime' [citation] so long as they are 'reasonably directed at curbing [the defendant's] future criminality' "].) The People argue defendant "used his phone to record the victims in this case as a means of harassment and intimidation," to justify the probation condition. But the record demonstrates that defendant's assaultive conduct of throwing his stepdaughter's cell phone, hitting and choking his stepdaughter, and knocking his wife to the ground did not involve cell phone use. Defendant used his phone to film portions of the incident, not to commit any of the underlying criminal activity. Nor did he use his cell phone during any prior incidents where he harassed or assaulted his family members. As written, the expansive electronic search condition would allow law enforcement officers to access defendant's e-mail, text and voicemail messages, photos, and online accounts, including

6

social media, at any time. (*In re Ricardo P.*, at p. 1127 [holding an expansive electronic search term related to a burglary conviction was invalid under *Lent*].) The condition also lacks any temporal limitations, which would allow access to digital information predating defendant's probation. (*Ibid.*) We conclude the electronic search condition is overbroad and not narrowly tailored to prevent future harassment of defendant's family and is therefore invalid under *Lent.*

Because we conclude the probation condition was not reasonable, we need not address defendant's second contention that the electronic search condition was unconstitutionally broad.

## DISPOSITION

The judgment is modified to strike the electronic search probation condition. As modified, the judgment is affirmed. The case is remanded to the trial court so it may consider whether it can adopt a tailored electronic search condition consistent with this opinion.


/s/
WISEMAN, J.*

We concur:


/s/
ROBIE, Acting P. J.


/s/
RENNER, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.