Filed 5/17/23  In re E.W. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| In re E.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>E.W.,<br><br>      Defendant and Appellant. | A165052<br><br>(Contra Costa County<br>Super. Ct. No. J2100505) |

**MEMORANDUM OPINION**[1]

Appellant E.W. appeals from a dispositional order by the juvenile court following his plea of no contest to the possession of a concealed firearm and ammunition by a nonregistered owner in violation of Penal Code section 25400, subdivisions (a) and (c)(6).[2]  E.W.'s appointed counsel on appeal has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having conducted an independent review of the record pursuant to

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

[2] All statutory references are to the Penal Code unless otherwise noted.

the holding in that case, we find no meritorious issues to be argued on appeal and affirm the order.

On November 17, 2021, E.W. was a passenger in a vehicle that was pulled over for speeding and erratic driving on the highway. The police officer observed that another passenger had a firearm near his waistband area and ordered everyone to step out of the vehicle. The officer found two firearms on that passenger and one loaded firearm on a third passenger. A search of E.W. revealed that he was also carrying a loaded firearm. The officer also found a bottle of what he suspected was Xanax on E.W.'s person, as well as suspected drugs in the vehicle's center console.

A juvenile wardship petition was filed that alleged three counts against E.W.: (1) possession of a loaded firearm by a prohibited person in a vehicle while in a public place (§ 25850, subds. (a), (c)(4)); (2) possession of a concealed firearm and ammunition by a nonregistered owner (§ 25400, subds. (a), (c)(6)); and (3) possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).[3]

On March 18, 2022, E.W. pled no contest to count two and the prosecution agreed to dismiss the remaining counts. The juvenile court then set the matter for a disposition hearing. The probation report stated that E.W. was a "Midtown" gang member and attached photos of E.W. on social media with other known "Midtown" gang members. There were also photos that depicted E.W. making gang-related hand gestures and possessing what appeared to be a firearm.

At the disposition hearing on April 12, 2022, the juvenile court adjudged E.W. as a ward of the court with no termination date and imposed

---

[3] The petition was later amended to include an unrelated fourth count of battery against a school employee (§ 243.6).

2

various probation conditions. These included, over defense counsel's objections, a no-gang-association condition and a warrantless electronic search condition for E.W.'s cell phone and any other electronic device under his control "of any social media medium of communication," as well as of photographs and videos, that were "reasonably likely to reveal whether he is complying with terms of probation." The court specified that it was narrowly tailoring the electronic search condition here so as to not include "a full search of text messages or things like that that [E.W.] may be sending to his mother and father." E.W. timely appealed the disposition order.

The *Wende* brief filed by E.W.'s counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744. E.W. was apprised of his right to file a supplemental brief but did not file one. Following *Wende* guidelines, we have conducted an independent review of the record and conclude there are no meritorious issues to be argued on appeal.

A term of probation is invalid if it: " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*), superseded by statute on another ground as stated in *People v. Moran* (2016) 1 Cal.5th 398, 403, fn. 6.) First, there is no meritorious argument that the no gang association condition was improper or invalid. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624 ["Prohibitions against a variety of gang-related activities have been upheld when imposed upon juvenile offenders"].)

Second, with respect to the electronic search condition, we are guided by the holding in *In re Ricardo P.* (2019) 7 Cal.5th 1113. There, our Supreme Court held: "In certain cases, the probationer's offense or personal history may provide the juvenile court with a sufficient factual basis from which it

3

can determine that an electronics search condition is a proportional means of deterring the probationer from future criminality." (*Id.* at pp. 1128–1129.) Moreover, " '[a] juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile.' " (*In re J.B.* (2015) 242 Cal.App.4th 749, 753–754.)

The felony offense at issue involved E.W.'s possession of a loaded firearm. Social media posts were subsequently found in which E.W. was photographed with known gang members and firearms. One of the photos depicted E.W. holding up gang signs and was posted on social media the day after E.W. was arrested for the subject offense. The trial court narrowly tailored the electronic search condition to E.W.'s social media accounts as well as photographs and videos on E.W.'s electronic devices that are reasonably likely to reveal whether he is complying with the terms of his probation. We find no meritorious argument that this condition is invalid under the principles set forth in *Lent, supra,* 15 Cal.3d 481.

We note that we find this case distinguishable from *In re Alonzo M.* (2019) 40 Cal.App.5th 156. There, this Division held that an electronic search condition that authorized the " 'search of any medium of communication reasonably likely to reveal whether [Alonzo is] complying with the terms of [his] probation' " was unduly broad. (*Id.* at p. 167.) This court concluded that because the trial court had stated that the purpose of the condition was to "address Alonzo's susceptibility to [two specific] negative social influences" (*ibid.*), the condition should be "narrowly tailored to allowing search of any medium of communication reasonably likely to reveal whether Alonzo is associating with prohibited persons" (*id.* at p. 168).

4

Here, unlike in *Alonzo M.*, the search is limited to social media accounts, photos, and videos on E.W.'s electronic devices.  It is true that the electronic search condition refers generally to compliance with the terms of probation, whereas the trial court justified the condition by noting that photographs on social media showed E.W. with gang members and firearms.  Under the reasoning in *Alonzo M.*, it may have been preferable to limit the condition to social media accounts, photos, and videos "reasonably likely to reveal whether E.W. is complying with the no-gang-association and no-firearm-possession terms of his probation."  However, we find no reversible error because the scope of the search—i.e., social media accounts, photos, and videos—would be the same whether the condition referred generally to compliance with the terms of probation or specifically to the two terms identified in the court's explanation for imposing it.

## DISPOSITION

The dispositional order is affirmed.


GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

5