Filed 6/27/25  In re J.L. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re J.L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> J.L., <br><br> Defendant and Appellant. | A170567 <br><br> (Alameda County <br> Super. Ct. No. JV-033963-03) |

Minor J.L. was adjudged a ward of the court (Welf. & Inst. Code, § 602) and placed on probation in his mother's home.  His sole challenge on appeal is to a probation condition permitting the search of his "place of residence" any time and without probable cause.  He contends the condition unreasonably burdens his mother's privacy interest and is not reasonably related to his rehabilitation and should be narrowed to apply only to those areas over which he has "joint control."   We affirm.

BACKGROUND

In December 2023, the Manteca Police Department was notified that a vehicle had crashed into a house and three subjects had fled from the car.  Upon arrival at the scene, officers observed that the car's steering column

1

and ignition had been broken open, indicating the car had been stolen. A witness saw a black vehicle pick up the fleeing subjects.

Within minutes, another officer pulled over a black vehicle with then 15-year-old J.L. in the back seat. The officer noted one of the other passengers was wearing clothing matching a witness's description of one of the fleeing subjects. A search of the vehicle revealed an unloaded firearm and marijuana.

The San Joaquin County District Attorney[1] filed a Welfare and Institutions Code section 602 wardship petition alleging seven felony counts.[2]

Pursuant to a negotiated disposition, J.L. admitted to an amended count of misdemeanor possession of stolen property (count 2), and in exchange, the remaining six counts were dismissed.

In its disposition report, the probation department recommended J.L. be adjudged a ward of the court and placed in his mother's home under standard conditions of probation, including that he consented to the search of his person, vehicle, or "place of residence at any time, day or night, with or without a search warrant and with or without probable or reasonable cause, on the direction of the probation officer or a peace officer" (i.e., a "four-way search clause").

---

[1] The case was subsequently transferred from San Joaquin County to Alameda County—J.L.'s place of residence—for disposition.

[2] The petition alleged one count each of felony vehicle theft (Veh. Code, § 10851, subd. (a)—count 1); felony receiving stolen property (Pen. Code, § 496d, subd. (a)—count 2); felony carrying a concealed firearm in a vehicle (*id.*, § 25400, subd. (a)(1)—count 3); felony carrying a concealed firearm on his person (*id.*, § 25400, subd. (a)(2)—count 4); and felony possession of a firearm by a minor (*id.*, § 29610—count 5); and two counts of felony vandalism (*id.*, § 594, subd. (a)(1)—counts 6 & 7).

At the disposition hearing, J.L.'s counsel generally concurred with the recommendations but asked the court to modify the "four-way search clause with regard to the place of residence" and limit it to J.L.'s "room and common areas." Counsel maintained there "is case law that indicates that the search should only be of the person who is the subject of the search clause that is appropriate" and claimed there would be a "chilling effect on the willingness of [J.L.'s] mother" to monitor J.L. out of fear of criminalization. Additionally, counsel did not think the court "has jurisdiction to order a search of the parents' private areas" and if the court adopted the recommendation as is, " 'place of residence' . . . would be interpreted by Probation and police officers" to include those private areas.[3]

The prosecutor urged the court to impose the condition as proposed, pointing out "this is a case that involves tools that were involved in a burglary, such as one of the terms is no master keys, slim jims, slide hammers and weapons as well," and this contraband "could be hidden anywhere in the house especially now."

The court asked if defense counsel had any legal authority which the court should consider. Counsel was unable to cite any specific case, and argued generally that under the Fourth Amendment J.L.'s mother had a right to contest the expansiveness of J.L.'s probation conditions. Counsel pointed out J.L.'s offense had not occurred in the home. Nor did the record indicate any instance of J.L. concealing contraband in the home.

The court observed it was not aware of any authority limiting the suitability of "four-way" search conditions. It went on to state that limiting the search condition to J.L.'s room and common areas of the home would

---

[3] We note there is nothing in the record establishing that J.L. did not have access to all areas of the home.

allow for concealment of contraband in other areas of the house, such as J.L.'s mother's room, an attic, or a garage. In addition, the probation department reported that J.L.'s Youth Level of Service score put him at a "moderate risk" of recidivism in the next 12 months.[4] The court believed the proposed search condition would help deter J.L. from breaking the terms and conditions of his probation and contribute to his rehabilitation. In toto, and given the nature of the offense, "the Court needs to do everything possible to help [J.L.] get back on track."

Accordingly, the court imposed the search clause as proposed, i.e., as permitting warrantless searches of J.L.'s "place of residence."[5]

---

[4] The dispositional report explained that J.L.'s score on the Youth Level of Service test is "an actuarial measure of risk for recidivism. This tool identifies the minor's risk level by considering which Criminogenic risk factors they are currently being exposed to. Criminogenic risk factors are those that most lead to the criminal and/or anti-social activities. The minor received a total of 20 which places him in the moderate Category for re-offending within the next year."

[5] The condition as orally imposed by the trial court and as stated in the court minutes provides that J.L. "consent[s] to the search of your person, vehicle, property or place of residence at any time day or night with or without a search warrant and with or without reasonable or probable cause at the direction of Probation or a peace officer." The written terms and conditions J.L. and his mother signed are slightly different in terminology and provide that J.L. shall "[s]ubmit your person and any vehicle, room or property under your control to a search by the probation officer or a peace officer, with or without a search warrant, at any time of the day or night. (4-way search)." The parties do not urge that this slight difference in terminology has any significance, and there has never been any dispute the search condition orally imposed by the court allows search of the entire residence. In any case, the court's oral pronouncement controls. (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346 ["the modern rule is that if the clerk's and reporter's transcripts cannot be reconciled, the part of the record that will prevail is the one that should be given greater credence in the circumstances of the case," and here, "the oral conditions of probation control in light of the circumstances"].)

DISCUSSION

Welfare and Institutions Code section 730, subdivision (b), authorizes the juvenile court to "impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done[,] and the reformation and rehabilitation of the ward enhanced." We review probation conditions for abuse of discretion. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*).)

"Well-established principles guide our review. ' "The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents" [citation], thereby occupying a "unique role . . . in caring for the minor's well-being." [Citation.] . . . [¶] The permissible scope of discretion in formulating terms of juvenile probation is even greater than that allowed for adults. "[E]ven where there is an invasion of protected freedoms 'the power of the state to control the conduct of children reaches beyond the scope of its authority over adults. . . .' " [Citation.] . . . Thus, " ' " "a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court." ' " ' " (*In re Edward B.* (2017) 10 Cal.App.5th 1228, 1232–1233.)

There are, however, limits to such authority—under *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*), superseded on another ground as stated in *People v. Moran* (2016) 1 Cal.5th 398, 403, footnote 6, "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . .' " This test applies equally in juvenile cases. (*In re D.G.* (2010) 187 Cal.App.4th 47, 52.) Additionally, this test "is

5

conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) In determining reasonableness, courts look to the juvenile's offenses and social history. (*In re D.G.,* at p. 53.)

Focusing on the third prong, and citing *Ricardo P.*, J.L. asserts the four-way search condition is unreasonable because the trial court "disregard[ed] the heavy burden the broadly worded condition imposed on the privacy interest of [his] mother."

"In *Ricardo P.*, our Supreme Court clarified that the requirement that a probation condition be reasonably related to future criminality 'contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition.' (*Ricardo P., supra*, 7 Cal.5th at p. 1122.)" (*In re Cesar G.* (2022) 74 Cal.App.5th 1039, 1045 (*Cesar G.*).)

Seizing upon the proportionality discussion in *Ricardo P.,* J.L. maintains "the burden imposed by the unlimited residential search condition on the privacy interest of [his] mother would be significant."

In fashioning a search condition, courts should be sensitive to the privacy rights of third parties who may be impacted by such a provision. (*In re J.B.* (2015) 242 Cal.App.4th 749, 759.) However, it is well established a probationer does not have standing to assert the privacy rights of such third parties in challenging a probation condition. (*Ibid.*; see *In re Q.R.* (2020) 44 Cal.App.5th 696, 702 ["any speculative impact on third parties is not a reason to strike the [electronic search] condition since minor lacks standing to assert constitutional rights of third parties"]; see also *Rakas v. Illinois* (1978) 439 U.S. 128, 133–134 [" 'Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously

6

asserted.' "]; *People v. Clymer* (2024) 107 Cal.App.5th 131, 141 [" ' "It is well settled that the right of privacy is purely a personal one; it cannot be asserted by anyone other than the person whose privacy has been invaded. . . ." ' "].)

J.L.'s reliance on *People v. Schmitz* (2012) 55 Cal.4th 909, 913 (the defendant driver sought to suppress evidence obtained during vehicle search based on a passenger's parole status), *People v. Robles* (2000) 23 Cal.4th 789, 792–793 (the defendant sought to suppress evidence obtained during search of residential garage based on brother's probation status), and *People v. Woods* (1999) 21 Cal.4th 668, 671 (the defendants sought to suppress evidence obtained during search of their residence based on a roommate's probation status), is misplaced. In these cases, non-probationer *defendants* asserted their *own* Fourth Amendment rights in an effort to *suppress evidence* seized during searches pursuant to search conditions. That is not the case here.

In sum, J.L. cannot point to his mother's asserted privacy interest in the family residence as the basis for his challenge to the scope of the search condition imposed pursuant to the negotiated disposition.

J.L. also maintains there was "no evidence of a criminal history or social history that warranted a condition permitting far more intrusive searches," i.e., searches outside his bedroom and other areas of the house he frequented.

However, as we have recited, the record provides ample basis for the court's decision to impose a condition permitting the search of J.L.'s "residence." The court took into account the probation department's discussions with J.L. and with J.L.'s mother, as well as probation's report on J.L.'s social history and the circumstances of the crime. It pointed out theft invites opportunities for concealment of contraband throughout a residence,

7

and it was particularly concerned that J.L.'s Youth Level of Service score put him at "moderate risk" of recidivism. As the court observed, "the goal of the juvenile court is rehabilitation of the minor to ensure that [J.L.] in particular is not engaging in any conduct that would cause him to re-offend. [¶] . . . [¶] The Court needs to do everything possible to help [J.L.] get back on track, help him make better choices so he does not re-offend. In his particular case, the Court believes that the four-way search is an appropriate term."

"A condition directed at curbing future criminality need not be ' "strictly tied to the offender's precise crime" '; for example, a condition may be based on 'information in a probation report that raises a concern about future criminality unrelated to the prior offense.' " (*Cesar G., supra*, 74 Cal.App.5th at p. 1045, quoting *Ricardo P., supra*, 7 Cal.5th at p. 1122.) The challenged search condition imposed by the court here more than passes muster under this standard.

## DISPOSITION

The disposition order is affirmed.

_____
Banke, J.

We concur:

_____
Humes, P.J.

_____
Langhorne Wilson, J.

A170567, In re J.L.